[No. 31304.   Department One.   September 5, 1951.]
MILDRED EMMA CUNNINGHAM, *Appellant*, v. THE DEPART-
MENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Walthew, Gershon, Yothers & Warner,* for appellant.

*The Attorney General* and *Milton Heiman, Assistant,* for
respondent.

FINLEY, J.—In 1943, Mildred Emma Cunningham, appel-
lant in this cause, was employed as a welder for the Todd
Pacific Shipyards.   Metallic fumes resulting from the ship-
yard welding operations were present in the atmosphere
where she worked.   According to her testimony, she devel-
oped an irritation of the skin and scalp about a month after
taking the job.   Some time later, in March, 1947, she quit
work upon the advice of her doctor.   The irritation con-
tinued, however, and three years afterwards she filed a claim
with the department of labor and industries, asserting that

[1]Reported in 235 P. (2d) 291.

she was suffering from dermatitis caused by exposure to the metallic fumes. The claim was rejected on the ground that her condition was in all probability a constitutional disorder and unrelated to the circumstances of her work, and, consequently, not an occupational disease under the workmen's compensation act. The joint board sustained the action of the supervisor of industrial insurance in rejecting the claim. Mrs. Cunningham appealed to the superior court. After a jury trial, a verdict was returned in favor of the department. Appellant has taken a further appeal to this court.

Only one assignment of error is urged. It questions the trial court's instruction No. 16, which read as follows:

"You are instructed that the workmen's compensation act requires an injured workman to immediately report any accident sustained on the job to the employer, and a companion duty is imposed on the employer to notify the department of labor and industries of such accident and any injuries resulting therefrom, for the purpose of enabling the injured workman to obtain his compensation.

"The jury may consider the failure of a workman to make such a report promptly as a factor in determining whether or not an injury was sustained in the course of employment."

▇ Applied to a case involving an alleged occupational disease, the foregoing instruction was not in accord with our holding in *Henson v. Department of Labor & Industries,* 15 Wn. (2d) 384, 130 P. (2d) 885. In that case we distinguished between (a) traumatic injury, and (b) occupational disease, in connection with the time for filing of industrial insurance claims. We pointed out that the workmen's compensation act specifically provides that no claim for a traumatic injury shall be valid unless filed within one year after the day upon which the injury occurred. Rem. Rev. Stat., § 7686 [P.P.C. § 706-1]. But we showed further that in the amendment to the act providing for the compensation of workmen suffering occupational diseases, no similar provision was included limiting the time in which a claim for a disability of this type might be made. See Rem. Rev. Stat. (Sup.), § 7679-1 [P.P.C. § 705-5]. As a probable reason for this distinction, we stated:

"The difference between the meaning of the words is more apparent when we consider the distinct difference between traumatic injury and occupational disease. The former is one of notoriety, a happening which can be fixed at a point in time, while the latter, especially silicosis, has a slow and insidious approach and in many cases does not manifest itself until after the lapse of a considerable length of time. . . .

"The legislature never intended to refuse relief to those workmen who did not know and could not know that they had a disabling disease until long after contact with the cause of the disease and after a year had expired since the last exposure."

In view of the language of instruction No. 16 in the present case, the jury could scarcely have avoided the impression that there was a legal duty resting upon the appellant to report her disability immediately upon discovering it. It is true that the instruction uses the words "accident" and "injuries" and respondent contends that the jury could not have been misled, since it fully understood that appellant was claiming compensation for a disability arising from an occupational disease rather than for one incurred as the result of traumatic injury. But the instruction had no relevance to the case unless the judge meant it to apply to the disability actually sustained by the appellant, and there can be little doubt but that the jury understood it in this light. Any uncertainty on that point is dispelled upon consideration of the second paragraph of the instruction which specifically told the jury that it might consider the failure of a workman to make a report promptly as a factor in determining whether or not an "injury" was sustained in the course of employment.

■ Since instruction No. 16 gave the jury the impression that appellant was guilty of a breach of statutory duty in failing to report her dermatitis immediately upon discovery, it was not only erroneous but highly prejudicial to her cause. In our opinion it constituted reversible error.

The judgment is reversed and the cause remanded for a new trial.

Schwellenbach, C. J., Beals, Hill, and Donworth, JJ., concur.