[No. 2110–2.   Division Two.   March 21, 1977.]

EDWARD A. WAGNER, *Respondent*, v. WASHINGTON STATE PUBLIC EMPLOYEES' RETIREMENT BOARD, *Appellant*.

*Slade Gorton, Attorney General,* and *Wayne L. Williams, Assistant,* for appellant.

*William J. Van Natter,* for respondent.

RINGOLD, J.*—This matter involves the right of Edward A. Wagner, the claimant, to retirement benefits for disability under the Washington Public Employees' Retirement System, RCW 41.40. After a hearing before the retirement board, the claim for duty–connected disability retirement was denied by the board.

A petition for review pursuant to the administrative procedures act, RCW 34.04.130 *et seq.,* was filed by Wagner in the Superior Court for Kitsap County. The parties stipulated as to the facts. After argument upon the plaintiff's motion for summary judgment, the trial court reversed the decision of the board and entered judgment granting Wagner duty disability retirement benefits. This appeal by the board follows.

On September 11, 1970, Wagner sustained a torn cartilage in his right knee in the course of his employment with the Mason County Highway Department. The following day surgery was performed. He returned to work a few weeks later and continued his employment until June 22, 1973. The stipulation continues:

> [H]is employment was terminated due to his inability to engage in work requiring squatting, stooping, bending and general agility of movement or in the out of doors, and thus became totally incapacitated for duty, which total incapacity was likely to be permanent and has continued to the present;
>
> That Edward Wagner's time off from work following the September 12, 1970 surgery on his knee was convalescent in nature and not apparently totally incapacitating for duty for any substantial period of time and was

---

*Judge Solie M. Ringold is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

fully compensated by Workmen's Compensation insurance;

That his total incapacity for duty did not appear until June 22, 1973 when his employment was terminated and he has since sought employment on numerous instances but without success and has been found to be totally disabled under the Federal Social Security Act by reason of the combined effect of his knee condition resulting from his awkward squatting and training in any other field combined with the disadvantages arising from his limited educational attainments terminated by his leaving the 8th grade in 1937;

That Edward Wagner's total incapacity for duty is the natural and proximate result of an accident occurring in the actual performance of duty, while in the service of an employer, Mason County, without willful negligence on the part of Edward Wagner.

Based upon the following conclusions of law, the board denied the claim:

1. That Edward Wagner was totally disabled during and immediately following the knee surgery which he had on September 12, 1970. He was at that time eligible to apply for disability benefits and failed to do so. Therefore, the injury was first disabling as of that date. His failure to apply within two years of that date clearly places him outside the requirements of RCW 41.40.200.

2. Even if the disability did not become totally disabling until June 22, 1973, the application was filed more than two years subsequent to the date upon which the injury occurred—September 11, 1970—and is hereby precluded under RCW 41.40.200.

RCW 41.40.200, the applicable statute, provides:

*Retirement for disability in line of duty.* Subject to the provisions of RCW 41.40.310 and 41.40.320, upon application of a member, or his employer, a member who becomes *totally incapacitated for duty* as the natural and proximate result of an accident *occurring in the actual performance of duty, while in the service of an employer,* without wilful negligence on his part, shall be retired: *Provided,* The medical adviser after a medical examination of such member made by or under the direction of the said medical adviser shall certify in writing that such member is mentally or physically totally

incapacitated for the further performance of his duty to his employer and that such member should be retired: *Provided further,* That the retirement board concurs in the recommendation of the medical adviser; *And provided further, No application shall be valid or a claim thereunder enforceable unless filed within two years after the date upon which the injury occurred.*

(Some italics ours.)

## BOARD CONTENTIONS

The board argues that the claim must be filed within 2 years of September 11, 1970, and that it is barred by the time limitation imposed by the statute. The word "injury" is not defined by the retirement statute, so to determine legislative intent, reference must be made to interpretations of the statute of limitations under the workmen's compensation act. RCW 51.28.050 reads in part:

No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the *injury* occurred . . .

(Italics ours.) The legislature is presumed to have been aware of the language of RCW 51.28.050 when the time limit proviso of the retirement act was adopted in 1955 in almost identical language. The court decisions hold, with certain limited exceptions, that the 1-year filing period is absolute. *Wheaton v. Department of Labor & Indus.,* 40 Wn.2d 56, 240 P.2d 567 (1952); *Cunningham v. Department of Labor & Indus.,* 39 Wn.2d 298, 235 P.2d 291 (1951). The date of the "injury" is the day the accident or event occurred, and even if the worker does not discover the disabling effects of the accident until after the 1 year has elapsed, he is not entitled to the workmen's compensation benefits. *Pate v. General Elec. Co.,* 43 Wn.2d 185, 260 P.2d 901 (1953).

Under the retirement act, it is not necessary that the condition resulting from the injury be permanent, and when Wagner was "totally incapacitated" during surgery and the few weeks thereafter he was entitled to file his claim and thus comply with the statutory time limit.

## PLAINTIFF'S CONTENTIONS

The inferences argued by the board from the comparison of the two statutes are incorrect, because the word "injury" under the workmen's compensation act is statutorily defined as "a sudden and tangible happening," (RCW 51.08.100) relating the date to the time of the occurrence or event which results in compensable physical conditions.

The "date upon which the injury occurred" in the context of the retirement act must mean, not only the day of happening of the accident, or event, but the time when the consequences bring the condition within the scope of constituting a "compensable injury."

## DECISION

■ We agree with the contentions of the plaintiff. The retirement benefits (or allowances) are "pension[s]", RCW 41.40.010(19) which "means payments for life . . ." (RCW 41.40.010(18)). Certainly the legislature did not intend that periods of temporary total disability, followed by a return to duty would be compensable under the retirement system, whereas such conditions are contemplated and compensable under the workmen's compensation act. The board's attempted analogy between the two acts is without merit. Benefits cannot accrue under the retirement system until the member has permanently terminated his service to the governmental agency. To sustain the board's application of the time limitation for the filing of the claim, we would have to require that the claim be made prior to the employee becoming "totally incapacitated," prior to separation from active service, and prior to the accrual of any benefits which could be paid. Such an interpretation could not logically be the legislative intent.

Statutory time limitations governing the filing of claims for workmen's compensation have been subjected to substantial judicial discussion. The cases in this area have been analyzed in 3 A. Larson *The Law of Workmen's Compensation* § 78.42(a), at 102 (1976) where the author comes to the conclusion:

Under the "injury" type of statute, there is now almost complete judicial agreement that the claim period runs from the time compensable injury becomes apparent.

(Footnote omitted.)

The trial court in its well–reasoned memorandum opinion similarly interpreted the retirement system act:

The matter revolves around a construction of R.C.W. 41.40.200. That Statute allows a benefit which arises as the proximate result of "an accident" occurring in the actual performance of duty. The same section requires, however, that an application for such benefits shall not be valid unless filed within two years after the date upon which "the injury" occurred.

By the use of different terms the Statute recognizes that an accident may give rise to a compensable injury sometime in the future. That is exactly what has happened in the case at bar. The Board found that, at the time of the accident, plaintiff's time off work was convalescent in nature and not "apparently incapacitating for duty for any substantial period of time." Plaintiff could not, therefore, file a valid claim at that time. It is inconceivable to the Court that the legislature contemplated a progressive injury, such as the one in this case, in which the incapacity arose more than two years after the accident be noncompensable. The word "injury" must, therefore, be read to mean "incapacity" or "total incapacity."

The actionable event, the compensable "injury," did not occur under the statute, RCW 41.40.200 until a medical adviser certified that Wagner was "totally incapcitated for the further performance of his duty to his employer . . ." The time period for filing the claim did not commence until June 22, 1973. Wagner's application for benefits was timely made.

Judgment affirmed.

PETRIE, C.J., and REED, J., concur.