[No. 27600. Department One. May 17, 1940.]

DOYLE IVEY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General, J. A. Kavaney* and *T. H. Little, Assistants*, for appellant.

*Ray W. De Kraay*, for respondent.

ROBINSON, J.—The department of labor and industries appeals from a judgment of the superior court of

[1]Reported in 102 P. (2d) 683.

Grays Harbor county. Omitting the introductory re-cital, the judgment reads as follows:

"Said appeal having been heard· upon the record before the court as compiled by the joint board and the court having considered the evidence produced before the department of labor and the joint board, having heard the arguments of counsel and having found that such record is incomplete by reason of the fact that authorities are in conflict as to the necessity of this operation and the court being dissatisfied with the record and having made its findings of facts and con-clusions of law and being fully advised in the premises.

"Now, THEREFORE, IT IS ORDERED that the decision of the joint board entered on the 23rd day of June, 1938, be and hereby is reversed *with direction to the de-partment of labor and industries to reopen the case and have the claimant examined by three (3) disinterested physicians for their recommendation and that this matter be further held open until such examination is made and further action taken by the joint board.*"

■ In that portion of the judgment which we have italicized and wherein the department is directed to reopen the case and have the claimant examined by three disinterested physicians, the court assumed a directory and supervisory power over the department which it does not possess. It has been consistently and repeatedly held that the superior courts have no origi-nal jurisdiction in workmen's compensation cases, but appellate jurisdiction only. A number of the recent cases so holding are cited in the opinion of *DeStoop v. Department of Labor & Industries,* 1 Wn. (2d) 340, 95 P. (2d) 1026.

■ Furthermore, the appellate jurisdiction of the superior courts in such cases is very limited. They are given the power to review, and that only, and, in exer-cising that limited power, they are further restricted by the following provision in the procedural section of

the workmen's compensation act, Rem. Rev. Stat., § 7697 [P. C. § 3488]:

"In all court proceedings under or pursuant to this act the decision of the department shall be prima facie correct and the burden of proof shall be upon the party attacking the same. . . ."

If the superior courts had been granted general jurisdiction to find and determine the facts in such cases, they would probably have the implied power to remand to the department for further inquiry; but their jurisdiction is limited by the statute to reviewing the evidence already taken, and, in so doing, they must accept the determination of the department as *prima facie* correct, and only to be set aside if the burden of proof has been met by the party attacking it; in this case, the claimant. The narrow role thus assigned to the superior courts is not even enlarged if wholly new evidence is discovered. *Gross v. Department of Labor & Industries,* 177 Wash. 675, 33 P. (2d) 376.

It is clear from recitals in the court's findings, conclusions, and judgment in this case that the court did not reverse the decision of the department upon the merits, but for the purpose of clearing the way for the taking of additional evidence, the evidence in the record, as it stood, being to the court's mind so conflicting that it could not decide the question presented. That, of course, must necessarily mean that the claimant had not sustained the burden of proof required of him by the statute. The court could not remand the case for the taking of additional evidence. Under the circumstances shown, the only lawful action it could take was to affirm the decision of the department.

We may add that we have carefully examined the departmental record, and it is our opinion, also, that the evidence adduced on behalf of the claimant does

not overcome the weight which the courts are required to give to the decision of the department.

The judgment appealed from is reversed, and the cause dismissed.

MAIN, MILLARD, and SIMPSON, JJ., concur.

BLAKE, C. J. (dissenting)—I agree that the court was without jurisdiction to enter the order appealed from. But I do not think that claimant's appeal from the order closing his claim should be dismissed.

The plaintiff received a chest injury for which the department allowed time loss. The time loss order was suspended July 23, 1937, not because the symptoms of the injury had abated, but because the claimant refused to submit to an operation which, it is believed, would rectify the condition caused by the injury. The department closed the claim on September 23, 1937, with an award of five degrees permanent partial disability. The department's action was based upon the theory that the operation was a simple one, to which claimant could not refuse to submit without forfeiting · his right to compensation. With this view, I am not in accord. For, as I understand it, the procedure of the contemplated operation requires an incision into the chest wall. Specifically, the surgeons recommend:

"In view of the radiographic findings it is recommended that the joint between the gladiolus and the manubrium sternae be explored since this is the point of most acute tenderness. It is felt that obliteration of this joint and fusion of it by sliding graft across the joint line and removal of the cartilage from the joint should relieve the claimant of his symptoms."

In any event, whether claimant was justified in refusing to submit to such an operation, is a question for the trial court to determine. If claimant was justified in refusing, it is within the jurisdiction of the

court to determine the extent of his disability and to remand the cause to the department with directions to allow compensation in accordance with the provisions of the statute.

I dissent.