[No. 31055. Department Two. October 17, 1949.]

JOSEPHINE SURINA, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 210 P. (2d) 403.

*The Attorney General* and *Bernard A. Johnson, Assistant,* for appellant.

*Allen & Carey* and *Gordon S. Clinton,* for respondent.

HILL, J.—Josephine Surina, hereinafter referred to as the claimant, was granted a hearing before the joint board of the department of labor and industries on the issue of whether there had been an increase of disability since the closing of her claim.

On October 2, 1947, the claimant presented her own testimony and that of a doctor. At the conclusion of the hearing on that date, her counsel said, "That's all. We close, subject to rebuttal."

The department's evidence was taken on April 15, 1948, and only one witness, a doctor, was called. At the conclusion of the witness' testimony the department's representative said, "That's all." Claimant's counsel then moved to strike all of the doctor's testimony but gave no indication that the claimant desired to present any rebuttal evidence.

On July 16, 1948, the joint board, apparently assuming that the claimant had no further evidence, entered an order adverse to the claimant. The claimant appealed to the superior court and in that court moved to return the case to the joint board for further proceedings, on the theory that she had been denied the opportunity to present any rebuttal evidence.

The superior court, "having considered the written Departmental and Transcripted Record, and the argument of counsel," made the following finding of fact:

"That at the conclusion of the plaintiff's [claimant-respondent's] case on October 2nd, 1947, plaintiff's attorney, Ward W. Roney, did close the claimant's case subject to the right of rebuttal; that the request for rebuttal testimony was timely and seasonably made; that thereafter on April 15th, 1948, the Department of Labor and Industries of the

State of Washington presented its evidence after which the Joint Board arbitrarily by order dated July 16th, 1948, sustained the action of the Supervisor and closed the claim without having afforded the plaintiff or her attorneys the right of presenting rebuttal evidence which was prejudicial to the claimant's case; that the Joint Board did not afford the plaintiff or her attorneys the full opportunity to be heard and to hold full and complete hearings on the completion of the Department of Labor and Industries case. That the plaintiff timely appealed to this Court from said order so closing the claim without additional award";

and therefrom drew the following conclusion of law:

"That the action of the Joint Board of the Department of Labor and Industries of the State of Washington in refusing the claimant the right to present further testimony upon the completion of the Department's case was arbitrary and capricious, and constituted a denial of the claimant's rights to have a full and complete hearing of her claim.";

and, in accordance therewith, directed that the order of July 16, 1948, of the joint board be reversed and set aside; and remanded the claim to the joint board "for further proceedings in accordance with these findings."

The department has appealed.

We have no doubt that, had the claimant ever requested the right to present her rebuttal evidence before the joint board made its order of July 16, 1948, such right would have been accorded to her. We have little doubt that, had the claimant requested that right even subsequent to the entry of that order, or had she indicated that the basis of her appeal to the superior court was that she had not been given the opportunity to present rebuttal evidence, the joint board would have been willing to withdraw the order of July 16th and reopen the hearing to give her that right. See *Sumerlin v. Department of Labor & Industries*, 8 Wn. (2d) 43, 111 P. (2d) 603.

We find no evidence to support the claimant's contention and the superior court's finding that a request for rebuttal testimony had been timely and seasonably made, or the finding implied in the conclusion of law drawn by the superior court, that the joint board had refused the

claimant the right to present further testimony. So far as the record indicates, the first intimation given by the claimant that she wanted to present rebuttal evidence was when, in connection with her appeal to the superior court, she made the motion to return the case to the joint board for that purpose. The only basis for the claimant's contention that she had previously made such a request is her counsel's statement at the conclusion of her evidence on October 2, 1947, "That's all. We close, subject to rebuttal." The words "subject to rebuttal" added nothing, for every claimant closes his or her case subject to rebuttal. A claimant must make a timely request for the right to present rebuttal evidence after there is something to rebut.

■■ However, a claimant, when granted a hearing before the joint board, has a right to a full and complete hearing on the issues properly before the board, including the right to present rebuttal evidence, and it seems to us that the claimant here did not have an adequate opportunity to exercise that right. The department argues that the claimant should have requested the opportunity to present her rebuttal evidence before taking an appeal, and that her failure to do so constituted a waiver of her right. To this the claimant answers that she did not waive the right to present rebuttal testimony because she did not know, until the joint board made its order of July 16, 1948, that the department had closed its case.

By his announcement, "That's all," at the conclusion of the examination of his witness at the hearing on April 15, 1948, the department's representative might have meant either that the department had closed its case or that it was through with that particular witness. In view of the informality of the proceedings before the joint board, the frequent adjournments, and the length of time between hearings (more than six months elapsed between the date when the claimant presented her evidence and the date on which the department's evidence was presented), we believe that the claimant should have been notified in some unequivocal manner, either by an announcement at the hear-

ing or by a letter, that the department had completed the presentation of its evidence. The department's failure to so notify the claimant could, and perhaps did, as she insists, account for her failure to request the opportunity to present rebuttal evidence, and thereby could, and perhaps did, prevent her from having the full and complete hearing on her claim to which she was entitled. It is true that after July 16, 1948, the date of the order of the joint board appealed from, she could have, and we feel should have, asked the joint board to withdraw that order and reopen the hearing for the purpose of receiving her rebuttal testimony, but she had a statutory right of appeal from that order (Rem. Supp. 1943, § 7697 [P.P.C. § 704-1]) and did not have to make such a request.

The department complains, and vigorously, that the superior court considered matters outside the record before the joint board, in disregard of its limited appellate jurisdiction in such cases. The superior court in its findings of fact recited that its findings were made after "having considered the written Departmental and Transcripted Record, and the argument of counsel." We gather from statements made in the briefs that claimant's motion was supported by an affidavit, but it is not in the record before us; and it is apparent that there was a stipulation of some kind, which likewise is not not before us. There being no statement of facts to supplement the departmental record, there is no way by which we could pass upon the question of whether a consideration by the superior court of matters *dehors* the departmental record, if such matters were considered, constituted prejudicial error. Our determination of the issue presented is based solely on the departmental record.

■ A remand to the joint board for the purpose of permitting the claimant to present any rebuttal evidence she may have is not in conflict with our holding in *Ivey v. Department of Labor & Industries*, 4 Wn. (2d) 162, 102 P. (2d) 683, because the superior court in the present case did not direct the taking of additional testimony by the joint board after a case had been closed, but directed that the joint board

844

give the claimant an opportunity to present rebuttal evidence, which opportunity the claimant should have had before the joint board passed upon the merits of her claim. The order entered by the superior court represents the only way by which the claimant can be accorded the right to a full and complete hearing, of which she was inadvertently deprived.

The judgment is affirmed.

SIMPSON, C. J., MALLERY, ROBINSON, and HAMLEY, JJ., concur.