[No. 31827.   Department Two.   February 7, 1952.]

C. L. WHEATON, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

*Clarence J. Coleman* and *Thomas G. McCrea*, for appellant.

*The Attorney General* and *James J. Krinbring, Assistant*, for respondent department of labor and industries.

*Bogle, Bogle & Gates* and *Edward S. Franklin*, for respondent Todd Shipyards Corporation.

OLSON, J.—Appellant received a compensable injury on February 5, 1943, while employed by respondent Todd Shipyards Corporation.   No application for compensation was filed with the department until July 18, 1946.   Upon that application, the supervisor granted appellant medical treat-

[1]Reported in 240 P. (2d) 567.

ment and closed the claim. Subsequently, appellant filed a timely application to reopen his claim upon the ground of aggravation, which was granted by an order of the supervisor. No appeal was taken from either of these orders.

After the expiration of the time for appeal, respondent employer filed a protest with the supervisor, in which it asserted that appellant's claim should not have been granted because no application for compensation had been filed by the appellant within one year from the date of his injury. The supervisor denied the protest. The board of industrial insurance appeals reversed the order of the supervisor allowing the claim. The superior court affirmed the action of the board and dismissed the appeal.

Appellant contends that, although his application for compensation was not filed in time, there having been no timely appeal from the orders of the supervisor, they became *res judicata* and conclusive. It is the contention of respondents that the orders are void.

There is no authoritative decision upon this problem in this state, and, because of the differences in the statutes of other states, the decisions of their courts can be of little assistance in its solution. Many of them are assembled in *Leschner v. Department of Labor & Industries,* 27 Wn. (2d) 911, 926, 185 P. (2d) 113 (1947). Because the Oregon statute is similar to the Washington statute, reference may be had to *Rohde v. State Industrial Accident Commission,* 108 Ore. 426, 217 Pac. 627 (1923), also to 1 Schneider's Workmen's Compensation (Perm. ed.) 213, § 88, and cases cited. However, we must reach our conclusion upon consideration of our own statutes.

The legislature, in granting workmen rights to compensation for industrial injuries out of funds administered by respondent department, provided that the workman should assert his right to compensation by filing an application for such compensation with the department. It qualified that right by the following provision, which has remained in the law without material change since its first enactment in 1911:

" . . . (d) No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued. . . ." Rem. Rev. Stat., § 7686 [P.P.C. § 706-1].

The legislature, in granting the right to compensation, could attach such conditions as it chose to the privilege of receiving it. The filing of an application is the exclusive manner in which action by the department may be had in any particular case, and the right of the workman to compensation secured.

The timely filing of the claim is a limitation on the right to receive compensation. See *Read v. Department of Labor & Industries,* 163 Wash. 251, 1 P. (2d) 234 (1931), and *Sandahl v. Department of Labor & Industries,* 170 Wash. 380, 16 P. (2d) 623 (1932). It is a limitation upon the right, not a limitation on the remedy, and, unless a timely application is filed, the right is extinguished.

The department has only the power specifically given to it by the legislature, and must act within prescribed boundaries. No power is conferred upon the department to waive the statute extinguishing this right. See *Nagel v. Department of Labor & Industries,* 189 Wash. 631, 639, 66 P. (2d) 318 (1937). Consequently, the allowance of a claim not filed within the statutory time is void *ab initio.*

The respondent employer has moved against the void order, and the propriety of the procedure it followed is not in question. "Being a void order, no appeal to the joint board [now the board of industrial insurance appeals] therefrom was necessary." *Booth v. Department of Labor & Industries,* 189 Wash. 201, 210, 64 P. (2d) 505 (1937).

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.