[No. 32689. Department One. November 22, 1954.]

CLYDE R. WILLIAMS, *Respondent,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Joseph T. Mijich, Assistant,*
for appellant.

*Walthew, Oseran & Warner,* for respondent.

[1]Reported in 277 P. (2d) 338.

MALLERY, J.—On June 2, 1952, claimant filed his claim with the department of labor and industries asserting he had contracted silicosis while engaged in extrahazardous employment. The department rejected his claim on July 18, 1952, upon the ground that he had the disease before he went to work in Washington for the Howe Sound Company in 1949, notwithstanding its doctor gave him a clean bill of health at that time. It raised no issue that the claim was not filed within the statute of limitations.

Claimant appealed to the board of industrial insurance appeals on August 13, 1952. At its hearing in Wenatchee on January 29, 1953, the sole issue was as to the existence of the disease prior to his employment in Washington. Again no question of the statute of limitations was raised.

After claimant rested his case, the department moved for dismissal on the ground that the statute of limitations had run. The board of industrial insurance appeals granted the motion, and made no finding as to the pre-existence of the disease. The claimant thereupon appealed to the superior court, which held that the statute of limitations had not run, and remanded the cause to the board of industrial insurance appeals to take testimony and make findings as to the pre-existence of the disease.

The department appeals. It raises but one question, namely, is the respondent's occupational-disease claim barred under RCW 51.08.140 (Laws of 1951, chapter 236, § 1, p. 744), which provides:

" 'Occupational disease' means such disease or infection as arises naturally and proximately out of extrahazardous employment. Such claims to be valid and compensable must be filed within one year following the date claimant has notice from a physician of his occupational disease."

The statute does not create a cause of action based upon a mere notice of an occupational disease. It is not concerned with the nature of causes of actions, as such, but rather with the time when the statute of limitations starts to run against them. No cause of action, of course, can accrue for an occupational disease before it reaches a stage

of development for which it is compensable at least in some degree.

Even when such a cause of action exists, the statute delays the running of the statute of limitations until the workman is given notice by a doctor that his disabling disease is *occupational* in its nature and causation. It is not enough that the workman be told a medical name for his disease, which may be meaningless to him, without a statement of its causal relationship to an extrahazardous occupation.

 Appellant takes the position that respondent did not sustain the burden of proof that his claim was filed within the statute of limitations, and that the evidence in fact shows that it was not.

Every appellant may safely assume, when the department of labor and industries does not raise the statute of limitations against his claim, that it is satisfied upon that point, and that he need not offer proof upon it. He is never free, however, from the risk that the evidence may show that the statute has run.

Appellant contends that the evidence does affirmatively establish the running of the statute. It particularly relies upon the admission of respondent that *Dr. Carlton told him in May, 1950, that he had silicosis.*

 The respondent worked up to within three months of the filing of his claim. The record does not show that respondent's silicosis produced any compensable degree of permanent disability prior to March, 1952. It is likewise silent as to whether or not respondent was told that silicosis was an occupational disease caused by his work. Appellant at no time raised the issue of the statute of limitations. It seized upon respondent's statement as a windfall. It is not enough.

The judgment is affirmed.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.

---

January 13, 1955. Petition for rehearing denied.