[No. 6264–1. Division One. March 12, 1979.]

GRANT T. GILBERTSON, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

---

[1]Suess is a native of Switzerland.

*Fitch & Ludwick* and *Graham Fitch,* for appellant.

*Slade Gorton, Attorney General, Kirk I. Mortenson, Assistant,* and *Arthur E. Thomas,* for respondent.

FARRIS, J.—Gilbertson appeals a Superior Court decision denying him workmen's compensation benefits because of a failure to file his claim timely. He argues that the trial court erred in considering the statute of limitation issue for the first time on appeal. We disagree but reverse.

Pacific Car and Foundry Company employed Gilbertson in the manufacture of refrigerator cars from 1964 through 1968. Sometime in 1964, PACCAR initiated a "foaming" method for insulation of railroad cars produced in shed 1 where Gilbertson worked. In 1971, because of breathing problems, Gilbertson's request (made on the advice of his doctor) that he be moved to outside work was granted.

In February of 1974, Gilbertson underwent open heart surgery. On August 19, 1974, he filed a claim for workmen's compensation alleging that he suffered breathing problems as a result of a lung condition caused by his work environment between 1964 and 1968. While the record reflects that Gilbertson had experienced significant breathing problems since 1968, it also includes his testimony that he smoked from 1 to 1 1/2 packages of cigarettes per day and had done so since he was 13 years old (about 40 years).

The appeal raises two questions: (1) can the statute of limitation be raised for the first time on appeal, and (2) if so, is there sufficient evidence in the record to establish when the statute of limitation began to run?· We answer the first question affirmatively and the second negatively.

■ The applicable statute in Washington's Industrial Insurance Act regarding the time limitation for filing a claim for an occupational disease is RCW 51.28.055.[1] The statute of limitation embodied in this provision is a jurisdictional fact and, as such, may be raised at any time. *Williams v. Department of Labor & Indus.*, 45 Wn.2d 574, 277 P.2d 338 (1954); *cf. Wheaton v. Department of Labor*

---

[1] RCW 51.28.055 provides:

"Claims for occupational disease or infection to be valid and compensable must be filed within one year following the date the workman had notice from a physician of the existence of his or her occupational disease, without reference to its date of origin."

& *Indus.,* 40 Wn.2d 56, 240 P.2d 567 (1952) (time limitation for filing application or enforcing claim for injury is 1 year under Rem. Rev. Stat. § 7686(d) (RCW 51.28.050)). *See also Williams v. Poulsbo Rural Tel. Ass'n,* 87 Wn.2d 636, 555 P.2d 1173 (1976).

 The trial court properly searched the record to determine whether evidence existed to support a finding that the statute of limitation had run. As stated in *Williams v. Department of Labor & Indus., supra* at 576, "[The workman] is never free, however, from the risk that the evidence may show that the statute has run." The trial court's task was to determine whether the record affirmatively showed that the statute of limitation had run prior to Gilbertson's filing. Its conclusion that the record reflects that the statute had run is erroneous.

When reviewing a workmen's compensation case, an appellate court can evaluate a written record to test conclusions that have been drawn from the facts, explore "for sufficiency of the probative evidence to support findings of fact," and analyze "findings when the evidence is undisputed, uncontradicted, and unimpeached." *Scott Paper Co. v. Department of Labor & Indus.,* 73 Wn.2d 840, 844, 440 P.2d 818 (1968). While the record shows that Gilbertson had notice prior to 1974 that his breathing difficulty resulted from a lung condition, there is no evidence of when or whether he had notice of the fact that his lung condition was occupational in its nature and causation, prior to 1974. Notice of an occupational disease without a statement by a physician of its causal relationship to the workman's employment is insufficient to commence the running of the statute of limitation. *Williams v. Department of Labor & Indus., supra* at 576.

 The trial court was correct in not receiving additional evidence on the question of Gilbertson's timely filing. Jurisdiction of the superior court in workmen's compensation disputes is appellate only. *Lunz v. Department of Labor & Indus.,* 50 Wn.2d 273, 310 P.2d 880 (1957); *Lenk v. Department of Labor & Indus.,* 3 Wn. App. 977, 478 P.2d

761 (1970). A remand to the Board of Industrial Insurance Appeals is not justified if the evidence in the record is conflicting or unclear, *Ivey v. Department of Labor & Indus.,* 4 Wn.2d 162, 164, 102 P.2d 683 (1940), but additional testimony may be taken by the superior court in order to investigate irregularities in procedure before the Board. RCW 51.52.115. Here, there is no allegation of irregularities in procedure. The time for introducing evidence on the question of the statute of limitation has passed. The trial court erred in dismissing Gilbertson's action.

The matter is reinstated for review of whether Gilbertson's condition was work related and, if so, the extent of his disability.

Reversed and remanded.

JAMES and SWANSON, JJ., concur.