[No. 13651-8-I.  Division One.  July 30, 1986.]

ORVIL M. HUTCHINS, *Appellant,* v. THE DEPARTMENT
OF LABOR AND INDUSTRIES, *Respondent.*

*Matt L. Alexander,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Larry Watters, Assistant,* for respondent.

HOLMAN, J.*—Orvil Mildred Hutchins appeals the trial court's dismissal of her appeal from the Department of Labor and Industries' denial of her application to reopen her claim.

## FACTS

In July 1965, Hutchins was injured while working as a motel maid. She suffered an injury to her lower back when she was knocked down while on some stairs. Hutchins has not been employed since 1968. The record indicates that although Hutchins' symptoms regarding increased pain, osteoporosis, and osteoarthritis appear to have worsened over time, this aggravation is due mostly to aging.

Hutchins filed an industrial insurance claim with the Department on July 30, 1965. The claim was allowed, and was closed on August 29, 1967, with time loss paid and no award for permanent partial disability.

On March 20, 1968, an aggravation application to reopen the claim was filed. The claim was reopened for authorized treatment and then closed on July 23, 1968, with an award of 10 percent of the maximum allowed for unspecified disabilities.

On December 16, 1968, a second aggravation application was filed. The claim was reopened for treatment and was closed on July 2, 1970, with time loss paid and no additional award. On July 9, 1970, Hutchins appealed to the Board of Industrial Insurance Appeals, and on October 20, 1971, the Department's order was sustained, with a finding that Hutchins' subjective complaints were not related to her industrial injury. On October 12, 1972, a superior court judgment affirmed the October 20, 1971 Board order.

On December 15, 1972, a third application to reopen the claim for aggravation was filed. The Department denied the application on the grounds that a new traumatic incident (bus accident) had caused the aggravation.

On May 2, 1973, Hutchins filed a fourth application to

---

*Judge Francis E. Holman is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

reopen. The Department denied the application, and this decision was appealed to the superior court. On November 20, 1975, the Superior Court sustained the Department's decision. An appeal was filed with the Court of Appeals on March 10, 1976, and the case was remanded to Superior Court, which entered a dismissal on April 3, 1980.

While the fourth application was on appeal, a fifth application to reopen for aggravation was filed, but no documentation of that filing date exists in the Department record. Hutchins admits that the claim was filed sometime in early 1980. The Department denied the application on June 13, 1980, and the Board upheld the Department's order on October 12, 1981.

On appeal, the trial court dismissed Hutchins' case regarding denial of the fifth application on March 30, 1983, because Hutchins' claim was outside the 7–year statute of limitations for filing an aggravation claim. Appeal to this court was timely filed.

STATUTE OF LIMITATIONS

RCW 51.32.160 provides:

> Aggravation, diminution, or termination. If aggravation, diminution or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the director, through and by means of the division of industrial insurance, may, upon the application of the beneficiary, made within seven years after the establishment or termination of such compensation, or upon his own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment: . . .

If aggravation takes place or is discovered after establishment of the rate of compensation *or* after the termination of compensation, the Director may adjust the rate of compensation, if application is made within 7 years after the establishment or termination of such compensation.

■ To find the applicable dates for the statute of limitations, the last date at which the rate of compensation was

established or the last date when compensation was terminated must be determined. Seven years from the later of those two dates is the end of the period during which a claimant can apply to reopen his or her claim based on aggravation.

As the Department correctly asserts, the policy behind the statute of limitations is that if no change in the claimant's condition requiring adjustment of his or her status has occurred in 7 years, then it is reasonable to decide that the condition is stabilized and to deny the claimant the right to file an aggravation claim after that time.

Hutchins argues that the relevant date for statute of limitations purposes is the date of the last previous closure or *denial* of the claim. Under such an analysis, the statute of limitations would begin to run again every time the claim was denied. Theoretically, this would make a claim perpetual, as long as the claimant reapplied every few years. The language of the statute indicates otherwise. Either establishment of compensation or termination of compensation is the triggering date for the running of the 7–year statute of limitations.

As previously discussed, the statute of limitations begins to run on the date the rate of compensation is established or terminated. If, however, such a departmental decision is appealed, the order does not become final for statute of limitations purposes until affirmed by the superior court. *Hunter v. Department of Labor & Indus.*, 190 Wash. 380, 68 P.2d 224 (1937) (analyzing Rem. Rev. Stat. § 7679(h) (Pierce's Code § 3472), a statute substantially similar to RCW 51.32.160, except for authorizing only a 3–year period).

Hutchins argues the factual similarity of *Karniss v. Department of Labor & Indus.*, 39 Wn.2d 898, 239 P.2d 555 (1952) and *Brown v. Board of Indus. Ins. Appeals,* 11 Wn. App. 790, 525 P.2d 274 (1974) to her case. Hutchins contends that because the court in both *Karniss* and *Brown* did not dismiss the claimants' appeals based on a running of the statute of limitations, the courts must have deter-

mined that the statute of limitations had not yet run and must date from the most recent denial. We decline to follow Hutchins' reasoning. Failure of the court to utilize a particular ground for dismissal, especially in the absence of any argument on the issue, is not persuasive authority.

The relevant date for the running of the statute of limitations here is October 12, 1972, the date on which the Superior Court affirmed the Department's last closure order on Hutchins' claim. The fifth application, which Hutchins filed sometime in 1980, was beyond the statute of limitations and thus her action was appropriately dismissed.

## TOLLING OF THE STATUTE OF LIMITATIONS

In *Reid v. Department of Labor & Indus.*, 1 Wn.2d 430, 96 P.2d 492 (1939), the Washington Supreme Court held that an injured workman could not have two appeals pending at the same time in the same action involving the same injury. *Reid*, at 436. Hutchins contends that the running of the statute of limitations should be tolled during an appeal because a claimant may not have two appeals pending simultaneously.

The Department notes that a pending appeal to the Board of Industrial Insurance Appeals or to superior court does not preclude the filing an additional application to reopen a claim. Such an application would be accepted by the Department, but not acted upon until the other appeal is completed.

■ Previous Washington case law has not addressed this issue. However, in general, the running of the statute of limitations is not tolled by the pendency of an appeal from the order or award. 101 C.J.S. *Workmen's Compensation* § 856 (1958).

In *Irrigation Motor & Pump Co. v. Industrial Comm'n*, 30 Colo. App. 289, 494 P.2d 144 (1971), the Colorado Court of Appeals held that where a workmen's compensation claimant's petition to reopen was received before time for review had expired, the statute of limitations was tolled

pending final determination denying the petition, and the Industrial Commission had jurisdiction when it entered an order on the petition, notwithstanding that the order was entered after expiration of time for review. *Irrigation Motor & Pump Co.*, 494 P.2d at 145.

*Irrigation Motor & Pump Co.* concerns a very limited instance in which the statute of limitations is tolled merely to complete an already pending application. This exception does not apply to Hutchins' circumstances because she failed to apply within the statutory period.

Hutchins argues that if the statute is not tolled, her Fourteenth Amendment rights would be violated. We disagree. Hutchins does not claim that she has not been provided with an opportunity to be heard, and thus, due process is not violated.

With respect to equal protection, Hutchins fails to show any state action which is discriminatory. She, like all other claimants, had 7 years following closure of her case to file an application for aggravation.

Finding no statutory authority, nor any case law support for Hutchins' position, we hold that the statute of limitations for filing an aggravation claim was not tolled.

### WAIVER OF THE STATUTE OF LIMITATIONS

The Department did not assert the statute of limitations at the Board level, and only raised the question for the first time in superior court. In *Gilbertson v. Department of Labor & Indus.*, 22 Wn. App. 813, 592 P.2d 665 (1979), the Court of Appeals construed the statute of limitations regarding the time limitation for filing a claim for an occupational disease under RCW 51.28.055. The court noted that:

> The statute of limitation embodied in this provision is a jurisdictional fact and, as such, may be raised at any time.

*Gilbertson*, at 815. *See also Williams v. Department of Labor & Indus.*, 45 Wn.2d 574, 277 P.2d 338 (1954). Although *Gilbertson* dealt with the statute of limitations

applicable to the *filing* of a claim, this analysis is logically extended to the filing of an aggravation claim.

The Department does not have the power to waive the statute of limitations. *Wheaton v. Department of Labor & Indus.*, 40 Wn.2d 56, 240 P.2d 567 (1952). Based on this nonwaiver, the issue of the statute of limitations may be raised at any time. In *Williams*, the court noted:

> Every appellant may safely assume, when the department of labor and industries does not raise the statute of limitations against his claim, that it is satisfied upon that point, and that he need not offer proof upon it. He is never free, however, from the risk that the evidence may show that the statute has run.

*Williams*, at 576.

Therefore, the Department was not in error by raising the statute of limitations for the first time in the superior court.

### ATTORNEY'S FEES

Because the Department is the prevailing party in this case, we need not address the appellant's request for attorney's fees.

The trial court's order dismissing Hutchins' appeal is affirmed.

SCHOLFIELD, C.J., and GROSSE, J., concur.

Review denied by Supreme Court October 29, 1986.