[Nos. 34224-0-I; 35862-6-I.   Division One.   April 29, 1996.]

WEYERHAEUSER COMPANY, *Respondent*, v. JOHN D. BRADSHAW, ET AL., *Appellants*.

JOHN D. BRADSHAW, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, ET AL., *Respondents*.

*James D. Pack* and *Chapman, Forbes & Pack*; and *Douglass A. North* and *Maltman, Reed, North, Ahrens & Malnati, P.S.*, for appellants.

*Thom H. Graafstra* and *Keithly, Weed & Graafstra*; *Jack Eng* of *Weyerhaeuser Legal Department*; and *Christine O. Gregoire, Attorney General*, and *Maureen A. Mannix, Assistant*, for respondents.

WEBSTER, J. — In this consolidated appeal, John Brad-

shaw, an injured worker, contends that the Department of Labor and Industries lacked subject matter jurisdiction to enter a recoupment order. We affirm.

## I

## FACTS

In 1979, John Bradshaw, during the course of employment for Weyerhaeuser Company, suffered an electric shock. Weyerhaeuser, a self–insured employer, paid Bradshaw time loss compensation. Weyerhaeuser also investigated Bradshaw during the 1980's to evaluate the existence and/or extent of his disability. Believing that Bradshaw had fraudulently obtained benefits, Weyerhaeuser asked the Department of Labor and Industries to issue a recoupment order. The Department issued a recoupment order on November 16, 1990, requiring Bradshaw to refund the $131,319.63 in benefits, and pay a $65,659.82 penalty. See RCW 51.32.240(4). The 60 day appeal period expired without any appeal by Bradshaw.[1]

Weyerhaeuser, relying on the recoupment order, filed a complaint against John and Sherie Bradshaw in superior court for money wrongfully had and received. Bradshaw subsequently protested the Department's order, and separately answered Weyerhaeuser's complaint. The Department denied Bradshaw's protest, and Bradshaw eventually appealed one month after the 60 day appeal period expired. The Board of Industrial Insurance Appeals (BIIA) dismissed Bradshaw's appeal as time barred. Weyerhaeuser filed a warrant in Snohomish County Superior Court representing the amount of the recoupment, and the court clerk docketed the warrant as a judgment. See RCW 51.32.240(5). Bradshaw never appealed the September 1992 BIIA decision, but 15 months later, he moved the Board for relief from the BIIA's Decision and Order, relying on CR 60(b)(5).

---

[1]Appellants are collectively referred to as Bradshaw and, because John is listed first in the pleading caption, in the masculine.

Meanwhile, Weyerhaeuser moved for summary judgment on its complaint for money had and received. The court's grant of summary judgment recognized the finality of the Department's recoupment order and the existence of a judgment in favor of Weyerhaeuser, and ordered the sheriff to sell real property owned by the Bradshaws. Around the same time, the BIIA denied Bradshaw's motion for relief from its earlier Decision and Order, and Bradshaw appealed to superior court. The superior court entered judgment in favor of Weyerhaeuser and the Department.

Bradshaw appeals both judgments, contending that the Department lacked subject matter jurisdiction to enter its original recoupment order, and that all corollary proceedings are void.[2]

## II

## DISCUSSION

In *Deal v. Department of Labor & Indus.*, 78 Wn.2d 537, 540, 477 P.2d 175 (1970), the court held that the Department had no right to recoup overpayment of benefits absent statutory authority. The legislature subsequently authorized the Department to recoup overpayment in cases of (1) mistake, (2) when the Department rejects a claim for benefits after paying temporary disability, (3) erroneous adjudication, and (4) fraud. RCW 51.31.240(1)–(4) (1994). The Department issued a recoupment order against Bradshaw after determining that he fraudulently obtained benefits. The only issue is whether the Department had subject matter jurisdiction to issue the order.

In *Marley v. Department of Labor & Indus.*, 125 Wn.2d 533, 886 P.2d 189 (1994), Richard Marley died after losing control of his car on his way to work. *Marley*, 125

---

[2]Before oral argument, appellant complied with the court's order regarding designation of documents necessary to review this case. Compliance alleviates the need for further action.

Wn.2d at 535. His wife and children applied for workers' compensation benefits. Mrs. Marley admitted that she had been separated from Mr. Marley for 12 years, and that her husband had paid child support, but no maintenance. *Id.* at 535. The Department issued an order denying benefits to Mrs. Marley, finding that she was not a beneficiary because she lived apart from the deceased worker. *Id.* at 536. Mrs. Marley did not appeal within the application limitation period. But six years later, she requested reconsideration. Mrs. Marley reasoned that the Department's original order was contrary to statutory mandate, therefore void, and subject to attack outside of the limitation period.

■■ The Supreme Court held that the Department's original order was a valid judgment which Mrs. Marley could not belatedly attack. An adjudicatory body enters a valid final order when it (1) has subject matter jurisdiction, (2) personal jurisdiction, (3) affords the parties adequate notice, and (4) has territorial jurisdiction. 125 Wn.2d at 538 (adopting the RESTATEMENT (SECOND) OF JUDGMENTS § 1). An adjudicatory body has subject matter jurisdiction when it has authority to adjudicate the *type of controversy* involved in the action. *Id.* at 539 (adopting the RESTATEMENT (SECOND) OF JUDGMENTS § 11). "A court or agency does not lack subject matter jurisdiction solely because it may lack authority to enter a given order." 125 Wn.2d at 539.[3]

■ The court expansively interpreted the Department's statutory grant of subject matter jurisdiction. The Department's authority to decide all workers' compensation claims included Mrs. Marley's claim for benefits.

---

[3]The Supreme Court relied in part on 1 A.C. FREEMAN, A TREATISE OF THE LAW OF JUDGMENT § 357 (5th ed. 1925). *Marley v. Department of Labor & Indus.*, 125 Wn.2d 533, 543, 886 P.2d 189 (1994). Freeman gives a list of judgments which although erroneous are not void. The list includes "a judgment . . . on a demand which the record shows was barred by the statute of limitations." FREEMAN, *supra*, at 746; *see also Davidson v. Hartsfield*, 250 Ark. 1072, 468 S.W.2d 774, 778–79 (1971) ("A decree cannot be avoided on collateral attack upon the ground of any defense, including the statute of limitations, that might have been asserted in the proceeding in which it is rendered.").

Therefore, the Department had subject matter jurisdiction. 125 Wn.2d at 539, 542. Even if it erroneously denied Mrs. Marley benefits, its order became final because it had had the authority to decide whether to grant benefits. *Id.* at 543.

■■ Unlike Mrs. Marley, who was seeking benefits, Bradshaw is challenging a recoupment order. Yet the legislature also gave the Department broad recoupment powers. The Department can order recoupment in widely divergent circumstances. RCW 51.32.240(1)–(4). Further, the Department's final order can be enforced in the same manner as a civil judgment. RCW 51.32.240(5). Under the enforcement provision, the final order is registered as a warrant in the superior court, it is docketed in the judgment book, and becomes a lien on the judgment debtor's property. RCW 51.32.240(5). The enforcement power demonstrates legislative intent that the Department's final orders be given broad preclusive effect. The Department's broad recoupment authority demonstrates that the legislature intended it to have subject matter jurisdiction to decide this type of proceeding. The alleged error, expiration of the applicable statute of limitations, is waived by a claimant failing to timely object. It does not void the Department's final order, and cannot be utilized to collaterally attack subsequent enforcement proceedings.

Bradshaw contends, however, that the fraud recoupment statute's one year limitation period is a "jurisdictional" requirement, the violation of which voids an order. The fraud recoupment statute provides:

Whenever any payment of benefits under this title has been induced by fraud the recipient thereof shall repay any such payment together with a penalty of fifty percent of the total of any such payments and the amount of such total sum may be recouped from any future payments due to the recipient on any *claim with the state fund or self–insurer against* whom the fraud was committed, as the case may be, and the amount of such penalty shall be placed in the supplemental pension fund. *Such repayment or recoupment must be de-*

*manded or ordered within one year of the discovery of the fraud.*

RCW 51.32.240(4) (emphasis added). The plain words do not evince any jurisdictional intent.

Bradshaw relies upon *Wheaton v. Department of Labor & Indus.*, 40 Wn.2d 56, 58, 240 P.2d 567 (1952), *Wilbur v. Department of Labor & Indus.*, 38 Wn. App. 553, 555 n.1, 686 P.2d 509 (1984) *review denied,* 103 Wn.2d 1016 (1985) and *Gilbertson v. Department of Labor & Indus.*, 22 Wn. App. 813, 815 n.1, 592 P.2d 665 (1979). Yet each of these cases concerned the initial filing of a claim for benefits, and the applicable statutes are plainly jurisdictional: "No application *shall be valid* or claim thereunder *enforceable* unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued." RCW 51.28.050; *see also* RCW 51.28.055. The Supreme Court has characterized the language in RCW 51.28.050 as "deliberately absolute." *Leschner v. Department of Labor & Indus.*, 27 Wn.2d 911, 925, 185 P.2d 113 (1947). Thus, the statutes construed *Wheaton, Wilbur,* and *Gilbertson* are sufficiently different so as to distinguish those cases. Bradshaw also relies on *Hutchins v. Department of Labor & Indus.*, 44 Wn. App. 571, 576, 723 P.2d 18 (1986) *review denied,* 107 Wn.2d 1010 (1986). Because *Hutchins* involved a direct appeal, it is inapposite.

The one year limitation contained in the fraud recoupment statute is not jurisdictional, and Bradshaw cannot collaterally attack the November 1990 recoupment order on grounds that the Department demanded repayment more than one year after discovering the fraud.

We affirm both judgments.

AGID and Cox, JJ., concur.

Reconsideration denied June 11, 1996.

Review denied at 130 Wn.2d 1019 (1996).