**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| MICHAEL P. COLASURDO, JR., and the WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES,<br><br>Respondents,<br><br>v.<br><br>ESTERLINE TECHNOLOGIES CORP., also doing business as HYTEK FINISHES CO.,<br><br>Appellant. | No.  56509-9-II<br><br><br><br>ORDER GRANTING MOTION TO PUBLISH AND PUBLISHING OPINION |

The unpublished opinion in this matter was filed on January 10, 2023.  Respondent, Department of Labor and Industries, filed a motion to publish on January 27, 2023.  Appellant, Esterline Technologies, Corp., filed an answer to the motion to publish on February 27, 2023. After consideration, the court grants the motion.  It is hereby

**ORDERED** that the final paragraph of the opinion, which reads  "A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RW 2.06.040, it is so ordered." is deleted.  It is further

**ORDERED** that this opinion will now be published.

**PANEL:**  Jj. Maxa, Cruser, Veljacic

**FOR THE COURT:**

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 56509-9-II

Cruser, A.C.J.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MICHAEL P. COLASURDO, JR., and the WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | No. 56509-9-II |
| Respondents, | |
| v. | UNPUBLISHED OPINION |
| ESTERLINE TECHNOLOGIES CORP., also doing business as HYTEK FINISHES CO., | |
| Appellant. | |

CRUSER, A.C.J.—Michael Colasurdo injured his back while working on February 2, 2014. More than a year later, he filed a claim related to the incident, and the Department of Labor and Industries (Department) allowed the claim. Colasurdo's employer, Esterline Technologies[1] (Esterline) did not challenge or protest the order granting Colasurdo's claim until more than three years later when it challenged the claim as untimely. The Department issued an order rejecting the original claim, which the Board of Industrial Insurance Appeals (Board) affirmed. Colasurdo appealed the Board's decision to the superior court, which reversed the rejection order.

---

[1] f/k/a Hytek Finishes Co.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 56509-9-II

Esterline appeals the superior court's decision reversing the Board's decision and allowing Colasurdo's claim. Esterline argues that the statutory requirement requiring workplace injury claims be filed within one year of the injury is a jurisdictional requirement and therefore the Department's order granting Colasurdo's untimely claim was void ab initio. Colasurdo and the Department respond arguing that the one year filing requirement operates as a statute of limitations and did not divest the Department of subject matter jurisdiction over Colasurdo's claim. They argue, and we agree, that Esterline waived its statute of limitations defense to his claim by failing for over three years to challenge the Department's original order granting Colasurdo's claim. Accordingly, we affirm the superior court's decision.

FACTS

On February 4, 2014, Colasurdo injured his low back during the course of his employment for Esterline Technologies Corp. Over a year later, on August 5, 2015, he submitted a claim for workers' compensation benefits. The Department issued an order on June 2, 2016, allowing the claim for benefits from the February 2014, injury. Esterline did not challenge or protest the order granting Colasurdo's claim until more than three years later when it challenged the claim as untimely on June 13, 2019.

On August 7, 2019, the Department issued an order correcting and superseding its prior allowance orders and rejecting Colasurdo's claim because it was not timely filed. Colasurdo petitioned the Board for review, and the Board affirmed the Department's August 2019 order rejecting Colasurdo's claim. Colasurdo appealed the Board's decision to superior court.

At trial, the parties stipulated to the facts of the case. The superior court reversed the Board's order. It concluded that the Department's June 2016 order allowing Colasurdo's claim

4

No. 56509-9-II

became final and binding after 60 days passed without protest or appeal. The superior court concluded that the Department had personal and subject matter jurisdiction over Colasurdo's claim and that the Department's erroneous decision to allow the claim despite it being filed after the statutory one-year time period to file did not render the order void ab initio.

Esterline appeals the superior court's decision.

ANALYSIS

RCW 51.28.050 provides, "No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued, except as provided in RCW 51.28.055 and 51.28.025(5)."[2] Colasurdo failed to file his claim within a year after he was injured. Therefore, the Department erred in accepting his claim in June 2016.

RCW 51.52.050(1) provides that a copy of Department's order must state that the order becomes final 60 days after it is communicated to the parties unless a written request for reconsideration or appeal is filed. Esterline failed to appeal the Department's order allowing Colasurdo's claim for three years, long after the Department's order became final under RCW 51.52.050(1). Nonetheless, Esterline argues that the allowance order was void ab initio and could be challenged at any time because Colasurdo's claim was not filed within the one year requirement under RCW 51.28.050. Esterline argues that because Colasurdo failed to timely file

---

[2] Neither identified exception applies to this case. RCW 51.28.055 involves the time frame to file an occupational disease claim, and .025(5) involves delays due to claim suppression.

No. 56509-9-II

his claim for benefits, the Department did not have subject matter jurisdiction over the claim.[3] We disagree.

We review de novo a trial court's decision on a question of subject matter jurisdiction and on questions of law. *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 314, 76 P.3d 1183 (2003). The Department has original and exclusive jurisdiction of all cases involving injured workers. *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 544, 886 P.2d 189 (1994); *Abraham v. Dep't of Labor & Indus.*, 178 Wash. 160, 163, 34 P.2d 457 (1934). Jurisdiction "is the power and authority of the court to act." *Dougherty*, 150 Wn.2d at 315 (quoting 77 AM. JUR. 2D *Venue* § 1, at 608 (1997)). "Jurisdiction does not depend on procedural rules." *Id.* (citing 14 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: TRIAL PRACTICE CIVIL § 41, at 118 (5th ed.1996)).

"A court's 'subject matter jurisdiction' is frequently confused with its 'authority' in a particular case." *Landon v. Home Depot*, 191 Wn. App. 635, 640, 365 P.3d 752 (2015) (quoting *Marley*, 125 Wn.2d at 544). "Subject matter jurisdiction is the authority to adjudicate the type of controversy at issue." *Marley*, 125 Wn.2d at 544. "Type of controversy" means the general category of case "without regard to the facts of the particular case." *Dougherty* 150 Wn.2d at 317. " 'If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction.' " *Id.* (internal quotation marks omitted) (quoting *Marley*, 125 Wn.2d at 539). "A court or agency does not lack subject matter

---

[3] Esterline also argues in passing that the Department lacked personal jurisdiction over Colasurdo's claim. It does not, however, offer any argument or authority to support its contention. RAP 10.3. We do not address it further.

No. 56509-9-II

jurisdiction solely because it may lack authority to enter a given order." *Marley*, 125 Wn.2d at 539.

In *Marley*, the Supreme Court clarified that where an aggrieved party has not appealed a final Department order deciding a claim within the applicable appeal period, that party is precluded from challenging the claim unless the order was void when entered. 125 Wn.2d at 542. The court held that a Department order is not void unless the Department lacked personal jurisdiction over the parties or subject matter jurisdiction over the claim. *Id*. at 539.

There, the Department denied Marley widow's benefits after her husband died during the course of employment. *Id*. at 536. Marley did not appeal that decision until seven years later when she argued that the decision was void because it was contrary to statutory mandate. *Id*. The Supreme Court rejected Marley's argument, stating that the Department has subject matter jurisdiction over all workers' compensation claims. *Id*. at 539. Having determined that the Department had subject matter jurisdiction over the claim, the Supreme Court held that even where the decision by the Department may have been erroneous as a matter of law, the unappealed decision was final and binding. *Id*. at 543.

Esterline attempts to distinguish this case from *Marley* by emphasizing that the original claim in *Marley* was timely filed and erroneously denied on the merits. But the *Marley* court's holding that Marley could not successfully challenge the denial of her claim years after the order became final did not hinge on the fact that Marley's original claim was timely filed. It was the fact that the Department made a determination on a claim over which it had subject matter jurisdiction—based on the nature of the controversy, not the timeliness of the original claim.

7

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 56509-9-II

Esterline urges us to instead rely on the 70-year-old case *Wheaton v. Department of Labor & Industries*, 40 Wn.2d 56, 240 P.2d 567 (1952). Factually, *Wheaton* bears similarity to this case. Wheaton was injured in the course of his employment and did not file an application for compensation for over three years. *Id*. The supervisor granted treatment and closed the claim. *Id.* at 56-57. Wheaton later applied to reopen his claim for aggravation, which was granted. *Id*. at 57. The employer did not appeal either of the orders until after the time for appeal had expired. *Id*. at 57. The Board reversed the order allowing the claim and the superior court affirmed the Board. *Id*. at 57. Wheaton appealed and the Supreme Court held that the timely filing of a claim is a limitation on the right to receive compensation, and once the right to receive compensation is extinguished, the Department loses the power to allow a claim. *Id*. at 58.

But the reasoning in *Wheaton* was effectively overruled by *Marley*. *Marley* specifically addressed Division Three of this court's decision in *Fairley v. Department of Labor & Industries*, 29 Wn. App. 477, 627 P.2d 961 (1981). In *Fairley*, the Department miscalculated the claimant's benefits based on a misconstruction of the statute. 29 Wn. App. at 481 (citing *Booth v. Dep't of Labor & Indus.*, 189 Wash. 201, 64 P.2d 505 (1937)). When the claimant later sought reconsideration of the order after the time for appeal had passed, the Board denied her appeal as time barred, but the superior court reversed that decision. *Id.* On appeal, the court explained that the Department's award "being outside the statutory mandate, was therefore void. Being a void order no appeal from the initial decision was necessary." *Id*. This is precisely the reasoning used in *Wheaton* and which Esterline urges us to apply here.

But the *Marley* court acknowledged *Fairley* and the cases *Fairley* relied on and expressly found it to be "an incorrect statement of the law" and overruled the opinion. *Marley*, 125 Wn.2d

8

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 56509-9-II

at 541. The court explained that such reasoning "would transform the Department's mistakes in statutory construction, errors of law, into jurisdictional flaws." *Id*. Relying on *Restatement (Second) of Judgments* (Am. Law Inst. 1982), the *Marley* court identified the danger of classifying errors of law as jurisdictional flaws:

> "[treating an error of law as a jurisdictional issue] transforms it into one that may be raised belatedly, and thus permits its assertion by a litigant who failed to raise it at an earlier stage in the litigation. The classification of a matter as one of jurisdiction is thus a pathway of escape from the rigors of the rules of res judicata. By the same token it opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment."

*Id*. (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 12, CMT. B (Am. Law Inst. 1982)). The *Marley* holding was clear: "An order from the Department is void only when the Department lacks personal or subject matter jurisdiction." *Id*. at 542.

*Marley* expressly held that the Department has subject matter jurisdiction of all workers' compensation claims. *Id.* Under *Marley* there is no question that the Department holds exclusive jurisdiction over Colasurdo's workers' compensation case, including sub-issues within the case such as timeliness. Any error in the Department's decision goes to something other than subject matter jurisdiction because the Department has broad subject matter jurisdiction over workers' compensation cases. Indeed, because the Department had jurisdiction over Colasurdo's claim as a workers' compensation case, it was obligated to determine the timeliness of the claim.

Timely filing is necessary for a claim to be allowable, not for it to be adjudicated. The Department had subject matter jurisdiction to make the decision on benefits for Colasurdo's workers' compensation claim. The Department lacked authority to award benefits on an untimely claim, but it retained subject matter jurisdiction to determine timeliness. Its determination that

9

No. 56509-9-II

the claim was allowable was an error of law that Esterline could have successfully challenged by timely protesting the order. It failed to do so.

Department allowance orders—even those containing errors of law—become final and binding 60 days after the Department communicates the order to the worker. RCW 51.52.050(1); *Marley*, 125 Wn.2d at 541-42. The "failure to appeal an order, even one containing a clear error of law, turns the order into a final adjudication, precluding any reargument of the same claim." *Id.* at 538. Esterline waited three years to appeal the Department's order allowing Colasurdo's claim. By doing so, the Department's order—erroneous as it may have been—became final, and Esterline waived its timeliness defense.[4]

This result is consistent with the Industrial Insurance Act's provision for "sure and certain relief" to workers. RCW 51.04.010. Basic principles of fairness and res judicata would be violated if employers were entitled to retroactively challenge a worker's claim for benefits years after it became final. *See Dougherty*, 150 Wn.2d at 319 (" 'A party's ability to raise procedural defects at any time could result in abuse and cause a huge waste of judicial resources.' " (quoting *Okanogan Wilderness League, Inc. v. Town of Twisp*, 133 Wn.2d 769, 790, 947 P.2d 732 (1997)).

---

[4] Esterline contends that recent cases "superseded by statute" *Marley*'s holding regarding the finality of unappealed Department orders. Br. of Appellant 16. It cites *Birrueta v. Department of Labor & Industries*, 186 Wn.2d 537, 549, 379 P.3d 120 (2016) and *Peterson v. Department of Labor & Industries*, 17 Wn. App. 2d 208, 234, 458 P.3d 338 (2021). Neither of these cases have the impact Esterline contends. *Birrueta* interpreted a legislative amendment to the statute providing a means for a worker to recover underpaid benefits, and *Peterson* involved the Department's ability to seek reimbursement when a claimant later receives maritime benefits.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 56509-9-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Cruser, A.C.J.

We concur:

Maxa, J.

Veljacic, J.

11