[No. 5970–3–II.  Division Two.  August 15, 1984.]

LEROY J. WILBUR, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

554

*James Beecher,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Robert G. Swenson, Assistant,* for respondent.

PETRIE, J.—Leroy J. Wilbur was injured in a 1–car accident on August 5, 1977, while returning to his home from a remote road construction job. His and his physician's portion of a 3–part "accident report" claiming compensation under the workers' compensation act bears a stamp indicating it was received by the Department of Labor and

Industries at Olympia on August 8, 1978. His employer's portion of the same accident report, asserting that Wilbur was "not acting in the course of employment at the time of the accident," bears a stamp indicating it was received by the Department of Labor and Industries at Olympia on July 28, 1978.

The Department rejected Wilbur's claim on the basis that his application for benefits was not filed within 1 year of the date of the accident and, thus, was invalid and unenforceable. RCW 51.28.050.[1] The Board of Industrial Insurance Appeals sustained the Department's order and, on subsequent appeal, the order was again sustained in Superior Court. Wilbur now appeals to this court, contending that, notwithstanding the fact that his application was not received within 1 year of the accident, the merits of his claim should be considered because (1) he relied upon assurances from his physician that the claim would be timely filed, (2) the Department is estopped from rejecting the claim as not timely filed, (3) the employer's accident report, timely filed, advised the Department of his injury, and (for the first time at the superior court hearing) (4) his application was timely mailed and such mailing constituted "filing" pursuant to RCW 1.12.070.[2] We find none of these

---

[1] RCW 51.28.050 provides:

"No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued."

[2] "Except as otherwise specifically provided by law hereafter:

"(1) Any report, claim, tax return, statement or other document required to be filed with, or any payment made to the state or to any political subdivision thereof, which is (a) transmitted through the United States mail, shall be deemed filed and received by the state or political subdivision on the date shown by the post office cancellation mark stamped upon the envelope or other appropriate wrapper containing it; or (b) mailed but not received by the state or political subdivision, or where received and the cancellation mark is illegible, erroneous, or omitted, shall be deemed filed and received on the date it was mailed if the sender establishes by competent evidence that the report, claim, tax return, statement, remittance, or other document was deposited in the United States mail on or before the date due for filing; and in cases of such nonreceipt of a report, tax return, statement, remittance, or other document required by law to be filed, the

contentions meritorious and affirm the judgment.

The timely filing of the worker's claim is a statutorily imposed jurisdictional limitation upon his right to receive compensation and upon the Department's authority to accept the worker's claim for benefits. *Wheaton v. Department of Labor & Indus.*, 40 Wn.2d 56, 240 P.2d 567 (1952). In the case at bench, Wilbur's claim had to be filed on or before Monday, August 7, 1978 (August 5, 1978, 1 year after the injury, fell on a Saturday). Ordinarily, the act of filing is an act of delivery or presentation to an appropriate officer for keeping. *See Sandahl v. Department of Labor & Indus.*, 170 Wash. 380, 16 P.2d 623 (1932). There is no indication that Wilbur's claim for compensation was delivered to the Department until August 8, 1978, 1 day too late. Any allowance of a claim not timely filed would be void ab initio. *Wheaton v. Department of Labor & Indus.*, *supra*. Accordingly, the Department had no alternative but to reject Wilbur's claim unless either (1) his untimely filing is excused by some recognizable rule of law or equity, or (2) the term "filing" means something less than actual presentation.

Wilbur's first contention is that he relied upon assurances of his physician (actually the physician's nurse) that the claim would be filed in a timely manner. By statute, a physician who attends a worker entitled to compensation has a duty "to inform the injured worker of his or her rights under [the workers' compensation act] and to lend all necessary assistance in making [the worker's] application for compensation . . ." RCW 51.28.020. A physician who attends an injured worker may be deemed negligent (and subject to liability and civil damages) for failure to perform that statutory duty. *Roth v. Kay,* 35 Wn. App. 1, 664 P.2d 1299 (1983). There is, however, no precedent for

---

sender files with the state or political subdivision a duplicate within ten days after written notification is given to the sender by the state or political subdivision of its nonreceipt of such report, tax return, statement, remittance, or other document."

the proposition that an attending physician's failure to perform this statutory duty excuses the injured worker from performing his statutory duty to "file with the department . . . his or her application" for compensation. RCW 51.28-.020. Indeed dicta are found in some cases indicating the contrary. *See Pate v. General Elec. Co.,* 43 Wn.2d 185, 260 P.2d 901 (1953), *adhered to on rehearing,* 44 Wn.2d 919, 269 P.2d 589 (1954); *Leschner v. Department of Labor & Indus.,* 27 Wn.2d 911, 185 P.2d 113 (1947), expressly declared "not authoritative" on rehearing, 27 Wn.2d 932 (1947). The inescapable fact is that Wilbur failed in his duty to present his claim until it was too late for the Department to do anything but reject the claim.

▌ Wilbur's contention that the Department is somehow estopped from rejecting his claim is based on his assertion that a month after he got out of the hospital a person "who said he was the head of the Department" (at the Department's Port Angeles branch office) told him (Wilbur) "I couldn't file an accident report" allegedly "because it was an automobile accident, and they couldn't take a report of an automobile accident at that time."[3] Without deciding that equitable estoppel will lie to excuse an untimely filing, *see Shafer v. State,* 83 Wn.2d 618, 521 P.2d 736 (1974), we note that Wilbur acknowledged that 2 months before the deadline for filing his application he received legal advice that he had to file the application for benefits within a year of the accident.[4] Patently, therefore, Wilbur cannot now claim that he reasonably relied upon a statement, if indeed any was made by one of the Department's branch managers, that the Department would not

---

[3]At the Board hearing, after a discussion off the record, the hearing examiner responded to the Department's motion to strike this testimony based on a hearsay objection by announcing simply "Objection sustained." There is no indication in the record that Wilbur attempted to preserve this error, if it was error. *See* ER 801(d)(2)(iv); 5A K. Tegland, Wash. Prac. § 349 (2d ed. 1982).

[4]Neither the hearing examiner nor the Board made any finding of fact on that issue or on the issue of what, if anything, the manager of the Department's Port Angeles branch office told Wilbur about filing a report of accident.

accept his application. *See Rouse v. Glascam Builders, Inc.,* 101 Wn.2d 127, 677 P.2d 125 (1984); *Finch v. Matthews,* 74 Wn.2d 161, 443 P.2d 833 (1968).

Wilbur contends also that his employer's filing of the report of accident with the Department within 1 year of the accident is sufficient to warrant consideration of his claim on the merits. Here, Wilbur does not contend that the filing of the employer's portion of the accident report, by itself, constituted performance of his own duty to file an *application for compensation.* He recognizes that language in some cases indicates that an injured worker can find no solace from the fact that his employer filed a timely report of accident, *Pate v. General Elec. Co., supra,* because such reports are intended for statistical value. *Stertz v. Industrial Ins. Comm'n,* 91 Wash. 588, 158 P. 256 (1916). Rather, he contends that a 1971 amendment to RCW 51.28.010 (the statute which imposes a duty upon the employer to file a report of accident) imposes a duty upon the *Department* on receipt of the employer's report, which was not statutorily mandated when *Pate* and *Stertz* were decided. That portion of the statute presently provides:

> Upon receipt of such [employer's] notice of accident, the department shall immediately forward to the worker or his or her beneficiaries or dependents notification, in nontechnical language, of their rights under this title.

There is no indication in the record whether or not the Department complied with this duty upon receipt of the employer's report of accident. This statutory duty, first imposed in 1971, does display a legislative expression that the employer's report is intended for more than "statistical value." The points at issue here are (1) whether that statutory duty, imposed upon the Department, diminishes the worker's statutory duty to file *his* application, RCW 51.28-.020, in a *timely* manner, RCW 51.28.050; or (2) whether the Department's failure to perform that statutory duty provides the basis for an injured worker's assertion that the Department is estopped from refusing to consider the

merits of a subsequently, but otherwise untimely, filed application. We respond to both points in the negative.

We note, initially, that in order to support Wilbur's contention that the 1971 amendment to RCW 51.28.010 somehow amended RCW 51.28.050, we would have to hold that the latter statute was amended by implication. Implied amendments are disfavored in the law. *Misterek v. Washington Mineral Prods., Inc.,* 85 Wn.2d 166, 531 P.2d 805 (1975). Additionally, we need not decide the full impact of the 1971 amendment to RCW 51.28.010. There is no indication in the record whether or not the Department complied with its statutory mandate. Assuming, however, that it did not so comply, in the context of this case the statute would have required merely that the Department notify Wilbur that he must file his application for benefits within 1 year of the date of his injury. As already noted, he was expressly so advised by counsel well within that time. The Department's failure to comply with its duty under RCW 51.28.010, if indeed it did not, neither detracted from Wilbur's statutory obligation to file his application within 1 year of his injury, nor estopped the Department from requiring that he do so.

We turn, finally, to Wilbur's contention that his application was timely filed because it was *mailed* within 1 year of his injury. Assuming, for the purpose of this appeal, that Wilbur's application was in fact "mailed" and not hand delivered to the Department, Wilbur did not present this issue to the Board of Industrial Insurance Appeals. Accordingly, he waived that argument and cannot now present it to us. *Homemakers Upjohn v. Russell,* 33 Wn. App. 777, 658 P.2d 27 (1983). Furthermore, Wilbur's filing of his application is a purely discretionary act on his part. Accordingly, RCW 1.12.070, the statute upon which Wilbur relies to support this contention, is simply not applicable. *14,766 Seattle Voters v. Erlandson,* 9 Wn. App. 409, 512 P.2d 766 (1973).

560

Judgment affirmed.

PETRICH, C.J., and WORSWICK, J., concur.

Reconsideration denied October 29, 1984.

Review denied by Supreme Court January 24, 1985.