[No. 18709-8-III. Division Three. July 6, 2000.]

KIM D. RABEY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.

*Christine O. Gregoire, Attorney General,* and *Mary A. McIntosh, Assistant,* for appellant.

*Mark J. Dynan*; *Jody A. Gross*; and *Mark Roth* (of *Hinton & Roth*), for respondent.

BROWN, J. — The Department of Labor and Industries (Department) rejected Nancy Rabey's application for survivor benefits because she failed to file within one year of her husband's death. The Board of Industrial Insurance Appeal (Board) affirmed the order. The superior court reversed on equitable grounds, granting summary judgment to Mrs. Rabey. The Department appealed. We affirm.

## FACTS

On January 20, 1996, Kim Rabey, a plant manager for Morel Industries Inc., now Aeromet America, died in an auto accident on the way to work. The same employer employed Mrs. Rabey. Mrs. Rabey and her children were devastated. Mrs. Rabey struggled with her day-to-day responsibilities.

During the summer of 1996, Mrs. Rabey spoke with Denise Westcott, Morel's human resources manager, regarding Department benefits. Mrs. Rabey asked Ms. Westcott to find out whether benefits were available as Mr. Rabey's widow and mother of their two children. Ms. Westcott was unsure and said she would check into the matter and get back to Mrs. Rabey if it was a legitimate claim. Ms. Westcott contacted the company's claims representatives at Washington Employers Claims Management about the inquiry, who were also unsure. Ms. Westcott was

referred to her head contact, Ed Byron, who did not return her call. Ms. Westcott forgot about the matter until mid February 1997 when she spoke with Mr. Byron about another matter.

At this time, Ms. Westcott informed Mrs. Rabey that she should immediately file a claim because it was possible for the Department to waive the one-year deadline. On February 28, Mrs. Rabey wrote to the Department explaining the situation. Mrs. Rabey's letter was the undisputed first notice the Department received regarding Mr. Rabey's death.

Mrs. Rabey filed her formal application for survivor benefits on March 13, 1997. The Department rejected the application because it was not filed within one year of Mr. Rabey's death as required under RCW 51.32.040.

Mrs. Rabey appealed the determination to the Board. The Board affirmed. Mrs. Rabey then appealed to the superior court. On cross motions for summary judgment, Mrs. Rabey prevailed. The court, citing equitable principles, excused Mrs. Rabey's late filing because the Department's "rejection of that application for survivor's benefits filed . . . more than one year after [Mr. Rabey's] death was, as a matter of law, inappropriate." The Department appealed.

## ANALYSIS

■ ■ The issue is whether the trial court erred by denying summary judgment dismissal to the Department of Mrs. Rabey's survivor benefits claim based upon a one-year filing limitation and granting summary judgment to the employee on equitable grounds.

Judicial review of a decision by the Board of Industrial Insurance Appeals is de novo, but is limited to the evidence and testimony presented to the Board. *Romo v. Department of Labor & Indus.*, 92 Wn. App. 348, 353, 962 P.2d 844 (1998). A superior court's review is governed by the civil appeal rules, including those for summary judgment. *Id.*

We review a summary judgment de novo by engaging in

the same inquiry as the trial court. *Brower v. State*, 137 Wn.2d 44, 52, 969 P.2d 42 (1998), *cert. denied*, 526 U.S. 1088 (1999). Summary judgment is proper as a matter of law when no genuine issue exists as to any material fact. *Id.* The material facts are not disputed here.

The issue before the Department and the Board was the applicability of the time limitation of RCW 51.32.040. RCW 51.32.040 permits a surviving spouse to claim benefits a deceased worker would have been entitled to before death. *Levang v. Department of Labor & Indus.*, 18 Wn. App. 13, 14-15, 566 P.2d 573 (1977). A claim must be filed within one year of the date of death. RCW 51.32.040(2)(c).

■ As an initial matter, Mrs. Rabey contends for the first time on appeal that the Department erroneously relied on RCW 51.32.040 because she applied for survivor benefits under RCW 51.32.050, rather than for benefits Mr. Rabey was receiving prior to his death. However, it matters not to our analysis because claims applications by a surviving spouse for benefits are also required within one year of the employee's death. RCW 51.28.050; *see Beels v. Department of Labor & Indus.*, 178 Wash. 301, 307, 34 P.2d 917 (1934) (applying one-year limitation of REM. REV. STAT. § 7686 to a widow's claim for benefits). Timely filing is a jurisdictional limit on a worker's right to receive compensation and on the Department's authority to accept a worker's claim. *Wilbur v. Department of Labor & Indus.*, 38 Wn. App. 553, 556, 686 P.2d 509 (1984). This court may consider a jurisdictional limitation on appeal, even when the Department did not raise it earlier. *Hutchins v. Department of Labor & Indus.*, 44 Wn. App. 571, 576-77, 723 P.2d 18 (1986); *Gilbertson v. Department of Labor & Indus.*, 22 Wn. App. 813, 815, 592 P.2d 665 (1979).

■ The timely filing of a claim is a restriction on the right to receive compensation. *Wheaton v. Department of Labor & Indus.*, 40 Wn.2d 56, 58, 240 P.2d 567 (1952); *Wilbur*, 38 Wn. App. at 556. In *Wilbur*, the claimant filed his claim for compensation one day too late under the one-year deadline of RCW 51.28.050. *Wilbur*, 38 Wn. App. at 556. He

contended the late filing was excused because he relied on the assurances of his medical provider that the claim would be timely filed. *Id.* The court declined to excuse the claimant's late filing on this ground. *Id.* at 556-57.

It is undisputed that Mrs. Rabey, like the claimant in *Wilbur*, did not meet the one-year deadline for filing her claim. Mrs. Rabey argues as she did before the superior court, that equitable principles permit a waiver of the late filing. Washington courts may grant equitable relief in limited circumstances: "We have recognized a very narrow equitable power in the courts, apart from the provisions of Title 51 RCW, to set aside actions of the Department. Although we have recognized equity may undo a final Department order, we have also rarely exercised such equitable power." *Kingery v. Department of Labor & Indus.*, 132 Wn.2d 162, 173, 937 P.2d 565 (1997). Courts have been reluctant to expand the power of equitable relief in industrial insurance cases. *Id.* at 174-175 (citing *Leschner* v. *Department of Labor & Indus.*, 27 Wn.2d 911, 926, 185 P.2d 113 (1947); *Johnson v. Department of Labor & Indus.*, 33 Wn.2d 399, 406-07, 205 P.2d 896 (1949)).

This equitable exception has been used sparingly when workers have missed the 60-day limit for filing appeals. *See Rodriguez v. Department of Labor & Indus.*, 85 Wn.2d 949, 953-55, 540 P.2d 1359 (1975); *Ames v. Department of Labor & Indus.*, 176 Wash. 509, 513-14, 30 P.2d 239, 91 A.L.R. 1392 (1934). Thus far, equitable relief has been limited to situations where (1) a claimant's competency to understand orders, procedures, and time limits affects the communication process, and (2) Department misconduct. *Kingery*, 132 Wn.2d at 174.

In *Ames*, the worker timely filed a claim arising from a workplace injury. *Ames*, 176 Wash. at 510. The Department rejected his claim, and the worker failed to appeal within the 60-day period following the Department's order because he had been declared insane and hospitalized shortly after filing his claim. *Id.* After discharge from the hospital, the worker filed a petition for a rehearing and the Department

denied his petition because it had not been filed during the 60-day period. *Id*. at 511-12. On appeal, the court held that equitable principles warranted relief from the 60-day deadline because the worker had been hospitalized during this period. *Id*. at 513-514. The court also found that the Department had discovered this fact and had nonetheless acted ex parte to deny his claim. *Id*. at 514.

In *Rodriguez*, a worker was injured on the job and timely filed his claim. *Rodriguez*, 85 Wn.2d at 949-50. The Department initially granted his claim, but subsequently sent the worker a letter closing his claim. *Id*. at 950. The worker could speak solely Spanish and could not read or write in either Spanish or English. *Id*. The worker did not timely appeal the Department's order closing his claim within the 60-day period. *Id*. On appeal, the court held that he was entitled to equitable relief. *Id*. at 954-55. It reasoned he was not competent because he was extremely illiterate and therefore did not understand the letter sent by the Department terminating his injury claim. *Id*. The court also found that the Department knew or should have known of his illiteracy. *Id*. at 955.

Here, several grounds support the trial court's conclusion that equity should intervene for Mrs. Rabey. First, the workmen's compensation act should be liberally construed to the benefit of claimants: "[O]ur workmen's compensation act should be liberally construed in favor of its beneficiaries. It is a humane law and founded on sound public policy, and is the result of thoughtful, painstaking and humane considerations, and its beneficent provisions should not be limited or curtailed by a narrow construction." *Hilding v. Department of Labor & Indus.*, 162 Wash. 168, 175, 298 P. 321 (1931).

Second, trial courts have broad discretionary power to fashion equitable remedies. *SAC Downtown Ltd. Partnership v. Kahn*, 123 Wn.2d 197, 204, 867 P.2d 605 (1994) (award of restitution). A trial court has great flexibility in awarding equitable relief. *Friend v. Friend*, 92 Wn. App. 799, 803, 964 P.2d 1219 (1998), *review denied*, 137 Wn.2d

1030 (1999) (partition). An appellate court reviews the authority of a trial court to fashion such remedies for an abuse of discretion. *SAC Downtown Ltd. Partnership*, 123 Wn.2d at 204.

Although not a case concerning the Department of Labor and Industries, *Cook v. State*, 83 Wn.2d 599, 521 P.2d 725 (1974), is instructive. There, a 13-year-old was injured in an automobile accident and she failed to file a claim against the State for its tortious conduct within the 120-day period under RCW 4.92.100. *Id.* at 599-600. Our Supreme Court excused the plaintiff's noncompliance because it concluded that it was unrealistic to expect the injured girl, who was hospitalized during the entire 120-day period, to timely file a claim. *Id.* at 604. The court also found that her mother's failure to timely file suit was likewise excusable because of the trauma the mother suffered as a result of the accident:

> [I]t would be almost as unconscionable to require that [the plaintiff's] allegedly unlettered mother, stricken with the death of one child and greatly concerned over the survival of a second, ferret out the facts of the accident, the law pertaining to potential liability and the filing requirements, and thereupon file a claim as [the plaintiff's] representative or solicit the aid of another to do so during the course of [the plaintiff's] first 4 months in the hospital.

*Id.*

Last, the trial court apparently concluded the facts here were sufficiently similar to the developed case law just discussed to merit, as a matter of law, the application of equitable principles. The record reflects that Mrs. Rabey was shocked and disoriented by Mr. Rabey's death. In a sense, Mrs. Rabey is arguing a form of diminished capacity roughly similar to that found in *Ames*, at least for a portion of the year. As to the children, they were presumably incompetent to act in their own behalf.

Significantly, when Mrs. Rabey was attempting to pick up the pieces of her life and console her children, she asked the employer's lead human resource manager, Ms. Westcott, to determine if she had a legitimate claim for benefits, and Ms.

Westcott agreed to do so. When Mrs. Rabey heard nothing from Ms. Westcott, she was reasonably led to believe she had no claim. Mrs. Rabey's communication process should have led to an application for benefits within the critical time, but the communication fell through due to no fault of Mrs. Rabey. Again, this situation is roughly similar to that found in *Rodriguez*. Mrs. Rabey's inability to communicate with the Department is just as important as the inability of the Department to communicate with Mr. Rodriguez. To penalize her for failing to do more under these circumstances would promote the kind of harsh and unjust result criticized in *Cook*. We also believe Mrs. Rabey has not exhibited a lack of diligence in perfecting her claim that precludes equitable relief. *See Kingery*, 132 Wn.2d at 176.

Moreover, "a child's allocation under the Industrial Insurance Act 'is distinct from and not a part of the parent's pension as such.'" *Gassaway v. Department of Labor & Indus.*, 18 Wn. App. 747, 749, 571 P.2d 966 (1977) (quoting *Anderson v. Department of Labor & Indus.*, 40 Wn.2d 210, 215, 242 P.2d 514 (1952)). Here, the Rabey children are totally blameless and, through no mistake of their own, would unfairly lose necessary support, support that otherwise is uncontested to be rightfully theirs. *Cf. Hunter v. North Mason High Sch.*, 12 Wn. App. 304, 306, 529 P.2d 898 (1974) (fundamentally unfair to bar a minor from suing by application of a non-claim statute where the circumstances were legally and practically beyond his control), *aff'd*, 85 Wn.2d 810, 539 P.2d 845 (1975).

The trial court acted to avoid harsh consequence for Mrs. Rabey and her children. The record shows she did not entirely slumber on her rights. She lost her workman spouse and most of her family income. Consequently, both Mrs. Rabey and the innocent surviving children suffer certain loss. She began her quest for Department benefits about halfway into the one-year limitation period by seeking help from an employer who happened to also be her own employer. Her disorientation is understandable. Her reluctance to more openly pursue her application for benefits so

as to prevent harm to her employer and co-workers is unusual. She is blameless in laying her inquiry before the human resource manager, a person positioned to act consistently with her interests and the interests of her deceased husband in a way consistent with the core principles established under our workmen's compensation laws. The injustice of another result is apparent. Indeed, even Mr. Rabey's former employer fully supports Mrs. Rabey in its brief.

In sum, the trial court relied upon reasonable and tenable grounds, grounds supported in this record, when granting Mrs. Rabey equitable relief. Thus, we conclude the trial court did not abuse its discretion when it exercised its equitable power to avoid an unjust outcome, as a matter of law. Although not a perfect match, the circumstances of this case are arguably within the equitable exception discussed and developed in *Kingery, Rodriguez,* and *Ames.*

## CONCLUSION

We hold the trial court did not err by denying summary judgment for the Department and granting summary judgment to Mrs. Rabey on equitable grounds.

Affirmed.

KURTZ, C.J., and SCHULTHEIS, J., concur.

Review granted at 142 Wn.2d 1007 (2000).