[No. 20247-0-III.   Division Three.   May 30, 2002.]

KRISTI L. HARMAN, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.

---

*Christine O. Gregoire, Attorney General,* and *John R. Wasberg, Assistant,* for appellant.

*Eugene G. Schuster* and *Nicole R. Stearns* (of *Critchlow, Williams & Schuster*), for respondent.

SCHULTHEIS, J. — Pursuant to RCW 51.28.050, "[n]o application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred." The Department of Labor and Industries appeals from a superior court decision regarding workers' compensation benefits. The Department contends the trial court

erred when it determined the statutory one-year claim filing deadline was subject to equitable tolling. We agree, reversing the trial court's contrary conclusion.

## FACTS

In July 1996, Kristi Harman injured her back while performing duties for her employer, Westinghouse Hanford, in Benton County. Ms. Harman claims she reported the injury to her employer immediately but this allegation is disputed. Apparently due to her injury, in August 1996 the employer conducted an ergonomic assessment of Ms. Harman's work area and provided her with an adjustable chair. Ms. Harman formally reported the July incident to her immediate supervisor on October 10, 1996. The supervisor then accompanied Ms. Harman to the Hanford Environmental Health Foundation (HEHF) where a physician examined her. The injury was later diagnosed as a herniated disc at the T 7-8 level. Her treatment included physical therapy and medication.

Ms. Harman later contacted another physician, Dr. James Hazel, about her injury. She claims someone on Dr. Hazel's staff informed her that Dr. Hazel would not treat her as a labor and industries patient but that she need not be concerned because she had seven years in which to file a claim. Dr. Hazel's staff denies this occurred.

It is undisputed that prior to her on-the-job injury Ms. Harman had no contact with the Department or experience with the application for benefits process under the Industrial Insurance Act (IIA). It is also undisputed that her employer provided periodic training on labor and industries issues and posted informational material at various locations around the workplace. The parties agree that Ms. Harman mistakenly believed that she had applied for benefits under the IIA by making the injury report to her employer and HEHF on October 10, 1996. The parties also agree that Ms. Harman was notified both verbally and in writing that her examination at HEHF was *not* a claim for

benefits under the IIA. She was informed that a workers' compensation claim application form was available through her employer, HEHF personnel, a physician, or the Department. Ms. Harman signed a form acknowledging her receipt of the claim application information.

Ms. Harman filed an application for benefits with the Department on November 17, 1997, which was nearly 16 months after her injury. The Department rejected the claim as untimely. After reconsideration, the Department affirmed its decision. Ms. Harman appealed to the Board of Industrial Insurance Appeals, which affirmed the Department. After Ms. Harman's petition for review was denied, she filed a timely notice of appeal to the Benton County Superior Court. The trial court reversed the Board's decision, finding equitable grounds existed to excuse Ms. Harman's late filing based on the failure of Dr. Hazel and the Department to notify her of her rights under the IIA. The Department filed a timely appeal to this court.

## ANALYSIS

The sole issue on appeal is whether the trial court erred when it determined equitable principles supported reversal of the Department's determination that Ms. Harman's claim under the IIA was not timely filed. Our review of a decision by the Board is de novo and is limited to the testimony and evidence presented to the Board. *Rabey v. Dep't of Labor & Indus.*, 101 Wn. App. 390, 393, 3 P.3d 217, *review granted*, 142 Wn.2d 1007 (2000), *review dismissed*, No. 70030-3 (Wash. May 7, 2001). Although the Board's findings and conclusions are presumed correct, the trial court has the flexibility to award equitable relief. *Id.* at 396. That decision is reviewed for abuse of discretion. *Id.* at 397.

RCW 51.28.050 bars claims for workers' compensation benefits that are not filed "within one year after the day upon which the injury occurred." In other words, a worker's timely filing is a jurisdictional limit on his or her right to

receive compensation and on the Department's authority to accept that worker's claim. *Wilbur v. Dep't of Labor & Indus.*, 38 Wn. App. 553, 556, 686 P.2d 509 (1984). Here, it is undisputed that Ms. Harman missed the one-year deadline for filing her workers' compensation claim. However, she claims, and the superior court agreed, that equitable principles permit a waiver of the filing deadline under the particular facts of this case.

This court has acknowledged that equitable relief may be granted in industrial insurance cases under very limited circumstances. *Rabey*, 101 Wn. App. at 395. That being said however, we note that the courts of this state have rarely exercised such equitable power. *Id.* Equitable relief has never been utilized to waive the one-year filing requirement of a worker's initial on-the-job injury claim. Equitable waiver has been used on prior occasions when workers missed the 60-day limit for filing an appeal of a final Department order pursuant to RCW 51.52.060. *See Rodriguez v. Dep't of Labor & Indus.*, 85 Wn.2d 949, 953-55, 540 P.2d 1359 (1975); *Ames v. Dep't of Labor & Indus.*, 176 Wash. 509, 513-14, 30 P.2d 239 (1934). The waiver provision was utilized in a different manner by this court in *Rabey*, whereby it was determined that equitable grounds existed to permit a waiver of a widow's untimely filing for survivor benefits for herself and her children after the employment-related death of her husband.

In *Ames*, the worker filed a timely claim after a workplace injury. *Ames*, 176 Wash. at 510. The Department rejected his claim and mailed the decision to Mr. Ames's home address. *Id.* He failed to appeal within the 60 days following the Department's order as required by statute because he was hospitalized during that time. *Id.* After being discharged from the hospital Mr. Ames filed a petition requesting that the Department reopen his claim. This request was also denied. *Id.* at 510-12. The Supreme Court determined that equitable principles warranted relief under the particular facts of the case. *Id.* at 513-14. It found that Mr. Ames was initially unable to comply with the appeal

process because he had been declared insane and was hospitalized after filing his initial claim for benefits. Because the Department was aware of his hospitalization and inability to pursue his claim yet denied his request to reopen it, our Supreme Court determined equitable principles warranted relief. *Id.* at 514. Consequently, Mr. Ames was allowed to pursue his workplace injury claim.

In *Rodriguez*, a worker was injured during the course of employment and timely filed his initial claim for workers' compensation benefits. The Department originally granted his claim but a few months later wrote to him explaining that it was closing his claim. *Rodriguez*, 85 Wn.2d at 949-50. Mr. Rodriguez was a farm worker of Mexican-American heritage. He did not speak English and could not read or write in either English or Spanish. In all prior communication with the Department he had utilized the services of an interpreter. When Mr. Rodriguez received the Department's notice closing his claim, the interpreter was hospitalized and unable to interpret for him. As a result, he was not informed of the claim's closure or the proper method to appeal the Department's order within the required 60 days. *Id.* at 950. The Supreme Court, following the *Ames* decision, found Mr. Rodriguez was entitled to equitable relief because the Department knew or should have known of the language barrier as well as his illiteracy since in the past the department had always communicated with Mr. Rodriguez through an interpreter. *Id.* at 955.

In *Rabey*, this court determined that equitable waiver applied to a widow's late filing for survivor benefits. *Rabey*, 101 Wn. App. at 399. We determined the trial court had properly considered the particular circumstances in which Ms. Rabey found herself when requesting benefit information from her deceased husband's employer. It found she was shocked and disoriented by her husband's death and had to console her children as well. Additionally, she had to maintain her status as a productive and responsible employee at work. *Id.* at 397. Ms. Rabey was employed by the same company as had been her late husband. *Id.* at 392.

Crucial to the outcome of the decision, the *Rabey* court determined that shortly after her husband's death Ms. Rabey asked her employer's lead human resource manager to determine whether she had a claim for survivor benefits under the IIA. The manager agreed to look into the matter saying she would get back to Ms. Rabey if the claim were legitimate. *Id.* The manager forgot to follow up on the inquiry until after the one-year claim filing deadline had passed. *Id.* at 393. When notified she had a legitimate claim for benefits, Ms. Rabey immediately sent the Department her request. Because her application was late, the Department rejected it as untimely filed. The Board upheld the decision but was reversed by the trial court. On appeal, this court found the facts of Ms. Rabey's case were analogous to *Rodriguez* and determined the trial court had properly applied equitable principles to a narrow set of facts in order to avoid a harsh consequence that was not caused by any lack of diligence on the part of the Rabey family. *Id.* at 398.

Based on the specific facts of this case, we do not believe that equitable principles support a waiver of Ms. Harman's late filing of her IIA claim. The trial court's findings, to which no error was assigned, do not support its conclusion that Dr. Hazel failed to inform Ms. Harman about her rights under the IIA or that he failed to lend her any assistance in making application for benefits. The record does not clearly convince us that Ms. Harman ever requested assistance from Dr. Hazel in order to file a claim for benefits. At best, the record merely reflects that Ms. Harman thought someone from Dr. Hazel's staff informed her that she had seven years to file a claim under the IIA. However, as noted above, the office staff denied relaying the misinformation.

Next, although the court concluded the Department failed to notify Ms. Harman of her rights under the IIA, we agree with the Department's position that it could not have informed her of her rights because it did not yet know that she had been injured on the job. This is because her employer did not notify the Department that Ms. Harman

had been injured as required by RCW 51.28.025(1). The employer's failure to comply with the IIA does not equate into the Department's failure to notify Ms. Harman of her rights under a different section of the statute. *See* RCW 51.28.010.

Third, the record does not establish that Ms. Harman relied on misstatements from her employer, the Department, or her physician in failing to file her claim in this matter. The only conclusion supported by the court's findings is that Ms. Harman *thought* she had filed a claim when the HEHF doctor at the work site examined her. Her subjective belief is contradicted by a document she signed that same day that stated the opposite was true.

Ignorance of the law has never been an adequate defense. *Kingery v. Dep't of Labor & Indus.*, 132 Wn.2d 162, 175, 937 P.2d 565 (1997). Through her own lack of understanding of the IIA, Ms. Harman missed the one-year filing deadline. "The principle applicable to the situation is tersely expressed in an ancient maxim: Equity aids the vigilant, not those who slumber on their rights." *Leschner v. Dep't of Labor & Indus.*, 27 Wn.2d 911, 927, 185 P.2d 113 (1947). The mistakes that occurred under the facts of this case are largely the responsibility of Ms. Harman. This makes the holdings of *Rodriguez, Ames*, and *Rabey* distinguishable. As a result, we hold the trial court abused its discretion when it determined equitable principles excused Ms. Harman's untimely application for benefits under the IIA.

We reverse the trial court and reinstate the Board's decision and order dated October 28, 1998.

BROWN, C.J., concurs.

SWEENEY, J. (dissenting) — Our opinion in *Rabey v. Department of Labor & Industries*[1] established two principles that are applicable here.

---

[1] 101 Wn. App. 390, 3 P.3d 217, *review granted*, 142 Wn.2d 1007 (2000), *review dismissed*, No. 70030-3 (Wash. May 7, 2001).

First, trial courts are vested by our state constitution with the power to fashion equitable remedies. CONST. art. IV, § 6; *see Kingery v. Dep't of Labor & Indus.*, 132 Wn.2d 162, 173, 937 P.2d 565 (1997) (Industrial Insurance Act does not "alter the constitutional equity power of Washington's courts over industrial injury cases"); *Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 415, 63 P.2d 397 (1936) (trial court's inherent powers encompass " 'all the powers of the English chancery court' ") (quoting *State ex rel. Roseburg v. Mohar*, 169 Wash. 368, 375, 13 P.2d 454 (1932)).

The power of equity has been construed " 'as broad as equity and justice require.' " *Agronic Corp. of Am. v. deBough*, 21 Wn. App. 459, 464, 585 P.2d 821 (1978) (quoting 27 AM. JUR. 2D *Equity* § 103 (1966)). Indeed, the whole idea behind courts of chancery and their equitable powers was to mitigate the harsh absolute dictates of common law rules.[2] For me, the trial judge's exercise of discretion here is in that tradition.

Second, *Rabey* establishes the standard of review for a trial judge's exercise of equitable authority—it is abuse of discretion. *Rabey*, 101 Wn. App. at 397. Accordingly, we review this record to determine whether the trial judge's grant of equitable relief is based upon tenable grounds or tenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971); *Pederson's Fryer Farms, Inc. v. Transamerica Ins. Co.*, 83 Wn. App. 432, 454, 922 P.2d 126 (1996).

Here, the trial judge allowed Kristi L. Harman to file her claim for industrial insurance benefits late because her employer failed to report her injury to the Department of Labor and Industries, and her physician did not adequately

---

[2] "The origins of equity were the deficiencies of the English common law . . . . Equity thus came into existence in order to supplement and complement the common law. The necessity for this process was the evolution of the common law and its administration into a posture of inflexibility." *Cases Concerning Equity and the Courts of Equity 1550-1660*, in 117 PUBLICATIONS OF THE SELDEN SOCIETY *Introduction*(C)(1) at xix (W.H. Bryson ed., 2001).

assist her in doing so. Both are required by statute. RCW 51.28.025(1) ("Whenever an employer has notice or knowledge of an injury or occupational disease sustained by any worker in his or her employment . . . the employer shall immediately report the same to the department . . . ."); former RCW 51.28.020 (1984) ("it shall be the duty of the physician to inform the injured worker of his or her rights under this title and to lend all necessary assistance in making this application for compensation and such proof of other matters as required by the rules of the department without charge to the worker"). The court's findings of these failures are preliminary factual findings that require our deference. *State v. Karpenski*, 94 Wn. App. 80, 101-05, 971 P.2d 553 (1999).

Here, either notification would have prompted the Department to send Ms. Harman a notice advising her of her rights and the necessity of filing a claim. After receiving notice of an injury, "the department shall immediately forward to the worker or his or her beneficiaries or dependents notification, in nontechnical language, of their rights under this title." RCW 51.28.010(2).

The judge's reasons are for me then tenable grounds and tenable reasons and therefore legally support this discretionary exercise of equity. *Rabey*, 101 Wn. App. at 397. And I accordingly would affirm.

Review denied at 147 Wn.2d 1025 (2002).