**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| NORMA JEAN CROZIER (ESTATE OF SAMUEL CROZIER), | No. 86437-8-I |
| Respondent/Cross-Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| STATE OF WASHINGTON DEPARTMENT OF RETIREMENT SYSTEMS, | |
| Appellant/Cross-Respondent. | |

MANN, J. — Norma Crozier challenges the decision of the presiding officer of the Department of Revenue (Department) to deny her survivor benefits under her husband's LEOFF retirement plan. She argues that she is entitled to flexible survivor benefits because, before his death, her husband named her as the beneficiary and thus substantially complied with the statutory requirements. The Department argues the designation was made outside the statutory time period in which a flexible survivor benefit could be added. The trial court reversed the denial of benefits on due process grounds.

We reverse the trial court and affirm the order on summary judgment entered by the presiding officer.

I

A

The Washington Law Enforcement Officers' and Firefighters' Retirement System Act (LEOFF), ch. 41.26 RCW, was enacted in 1969 as a comprehensive benefits plan for police officers and firefighters. Fray v. Spokane County, 134 Wn.2d 637, 643, 952 P.2d 601 (1998); City of Pasco v. Dep't of Ret. Sys., 110 Wn. App. 582, 587 n.5, 42 P.3d 992 (2002). The Department was tasked with the administration of LEOFF and implementation of the provisions of chapter 41.26 RCW. City of Pasco, 110 Wn. App. at 587.

LEOFF provides death benefits to surviving spouses subject to certain conditions, such as being married to the member for one year before retirement. RCW 41.26.161. For those members who married after retirement, LEOFF allows a member to choose to receive a reduced retirement allowance so that upon the member's death the benefits continue for the life of their spouse who was otherwise ineligible. RCW 41.26.164(1). To choose such a benefit, the member must have a portion of retirement allowance not otherwise obligated—i.e., subject to a dissolution order—and they must choose a reduced benefit during a specific time period, between the first and second anniversary of the marriage. RCW 41.26.164(2). The legislature provided a second timeframe for those members married for at least two years before September 1, 2015. RCW 41.26.164(3)(b). Those members had to designate their spouse as a survivor beneficiary within one year from September 1, 2015. RCW 41.26.164(3)(b).

The Department promulgated regulations to implement LOEFF flexible survivor benefit options. WAC 415-104-202. The regulations set forth three options for

members to choose from: joint and one hundred percent survivor benefit; joint and fifty percent survivor benefit; or joint and two-thirds survivor benefit. WAC 415-104-202(3). To qualify for the survivor benefit, the member must meet certain deadline and application requirements including making the selection during the year before the second anniversary of the marriage or as otherwise allowed by law. WAC 415-104-202(4)(c), (5).

B

Samuel Crozier began working as a firefighter for the City of Bellevue in 1974. Samuel retired in 1998 and began receiving disability retirement benefits from the LEOFF retirement system.[1] Samuel was married at the time he retired, but that marriage was later dissolved. Samuel married Norma Jean Rogers on April 19, 2008. Because of Samuel's prior marriage and the date of his retirement, Norma was not automatically eligible to receive Samuel's LEOFF survivor benefits.

On May 25, 2010, the Department wrote to Samuel about his flexible survivor benefit estimate:

> Thank you for letting us know of your marriage. We understand you may be interested in changing your single life benefit to a survivor benefit. You have a one-year period to do so. This period begins on your first anniversary and ends the day before your second anniversary. Your survivor election period begins 04-19-2009 and ends 04-18-2010.

The letter explained the three options that would reduce Samuel's monthly benefit and provide a continuing lifetime benefit to Norma following Samuel's death.

---

[1] For clarity, we refer to the parties by their first names and intend no disrespect.

On June 1, 2010, Samuel signed an Application to Add Survivor Option that provided Norma's information. The same day, the Department sent a letter to Samuel stating that the May 25 letter was sent in error and that he was not eligible to add Norma as a survivor:

> A review of your account indicates that you are not eligible to add your spouse, Norma under the flexible survivor program because the window to add her as a survivor expired on April 18, 2010. As a LEOFF Plan 1 retiree you must add your spouse between your first and second wedding anniversary.

In May 2016, the Department notified LEOFF retirees, including Samuel, that because of new legislation, retirees could provide survivor benefits and add a spouse during the open window of June 9, 2016 to September 1, 2016. The letter explained the process going forward:

> If you are interested in this opportunity, please fill out the verification information on the back of this letter and return it to DRS on or after June 9, 2016. Once we confirm your qualifications, we will send you an application to make the survivor option selection along with an estimate of the amount of the reduction in your monthly benefit.

Samuel filled out the verification form. On July 5, 2016, the Department provided a benefit estimate which included Norma and Samuel's marriage date and Norma's social security number, and it also restated the September 1, 2016 deadline to make the election. Samuel took no further action.

Almost six years later, on June 1, 2022, Samuel submitted a form beneficiary designation to the Department naming Norma as the 100 percent beneficiary. Samuel also wrote the Department explaining his circumstances at the time of the 2016 notice:

> During the time a notice may have been sent out advising me of a time-limited opportunity to designate my current wife as a "spouse" for purpose of LEOFF 1 survivor benefits, there were significant extenuating

circumstances that explain why I would never have seen or understood such notification.

I was under a great deal of stress at that time, coming out of a very emotionally abusive relationship that caused me to not take care of any of my personal affairs. For this reason, I apparently missed filing the request for a spousal beneficiary change on time. In addition, during that time I was in the process of moving out of a home in Anacortes and moved onto a boat. I only had a post office box that I did not access on a regular basis.

Any paperwork that would have been sent out from the Department of Retirement Systems on this subject was lost or never seen in this "personal whirlwind."

The Department responded and explained that Samuel's request could not be granted because he failed to add Norma during the time periods defined under RCW 41.26.161 and WAC 415-104-202.

Samuel died on July 4, 2022.

C

On August 9, 2022, Norma wrote the Department and sought reconsideration. On August 17, 2022, Norma signed a notice of claim of successor affidavit. On October 25, 2022, the Department's petition examiner denied Norma's request for reconsideration.

Norma appealed the decision to the Department's presiding officer. After briefing on cross-motions for summary judgment, the presiding officer determined the Department did not have the authority to grant equitable relief. It concluded Samuel did not choose an actuarially reduced benefit or designate Norma as the spouse during the designated timeframes and so Norma was not entitled to receive Samuel's survivor benefit. The presiding officer also concluded that RCW 41.26.164 was not ambiguous

and the implementing regulation, WAC 415-104-202, was reasonably consistent with the statute. The presiding officer determined that Samuel did not substantially comply with the statute in 2010. The presiding officer denied Norma's motion and granted the Department's motion for summary judgment.

Norma petitioned for review in Whatcom County Superior Court. The trial court concluded that the Department failed to show it complied with due process requirements, reversed the presiding officer's order, and awarded Norma attorney fees and costs under RCW 4.84.350.

The Department appeals. Norma appeals the trial court's determination that RCW 4.84.350 provided the only basis for attorney fees and costs.

II

Norma argues that she is entitled to flexible survivor benefits because Samuel substantially complied with the statutory requirements. In contrast, the Department argues Samuel did not timely select a flexible survivor option. We agree with the Department.

A

We review decisions by the presiding officer under the Administrative Procedure Act (APA), ch. 34.05 RCW; Serres v. Washington Dep't of Ret. Sys., 163 Wn. App. 569, 580, 261 P.3d 173 (2011). We sit in the same position as the superior court and review only the record before the presiding officer. Serres, 163 Wn. App. at 580. Under the APA, this court will grant relief if the presiding officer "erroneously interpreted or applied the law." RCW 34.05.570 (3)(d); Steven Klein, Inc. v. State, Dep't of Revenue, 183 Wn.2d 889, 895, 357 P.3d 59 (2015). Relief will also be granted if we determine the

-6-

order is unconstitutional on its face or as applied.  RCW 34.05.570(3)(a).  "The burden of demonstrating the invalidity of agency action is on the party asserting invalidity." RCW 34.05.570(1)(a).

Because the presiding officer's decision was on summary judgment, we must "overlay the APA 'error of law' standard of review with the summary judgment standard and review an agency's interpretation or application of the law de novo while viewing the facts in the light most favorable to the nonmoving party."  Echo Glob. Logistics, Inc., 22 Wn. App. 2d 942, 945, 514 P.3d 704 (2022).  Summary judgment is proper if the record establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c).

"The construction and meaning of a statute is a question of law, which we review de novo."  Lenander v. Wash. State Dep't of Ret. Sys., 186 Wn.2d 393, 403, 377 P.3d 199 (2016).

B

To provide survivor benefits to an otherwise ineligible spouse, LEOFF allows members to choose an optional reduced retirement allowance:

> To choose an actuarially equivalent benefit . . . a member shall:
>    . . . .
> (b) Choose an actuarially reduced benefit . . . during a one-year period beginning one year after the date of marriage to the survivor benefit-ineligible spouse.

RCW 41.25.164(2)(b).  For members who married later, the statute allows another one-year period to choose a flexible survivor benefit:

> (b) A member who married a spouse ineligible for survivor benefits under RCW 41.26.160 or 41.26.161, has been married to that spouse for at least

> two years prior to September 1, 2015 . . . has one year from September 1, 2015, to designate their spouse as a survivor beneficiary.

RCW 41.25.164(3(b).

The implementing regulation sets forth member qualification requirements and provides the process for adding a flexible survivor option:

> (4) Do I qualify to add a flexible survivor option?  You may select a flexible survivor option if:
> (a) Your current spouse is not eligible for survivor benefits under RCW 41.26.160 or 41.26.161.
> (b) Some portion of your monthly retirement benefit is payable to you, after any reduction pursuant to a property division obligation under RCW 41.50.670; and
> (c) You meet the deadline and application requirements in subsection (5) of this section.
>
> (5) How do I add a flexible survivor option?  You may select a flexible survivor option and name your current spouse as your survivor beneficiary, provided that:
> (a) The <u>selection</u> is made during a one-year window, on or after the date of the first anniversary and before the second anniversary of the marriage, or as otherwise authorized by law;
> (b) You provide a copy of your certified marriage certificate to the department;
> (c) You provide proof, satisfactory to the department, of your current spouse's birth date; and
> (d) You file the properly completed forms with the department in a timely manner.

WAC 415-104-202(4)-(5) (emphasis added).

Washington courts recognize substantial compliance with a statute when a party demonstrates "'actual compliance,' although procedurally faulty, with the 'substance' of the statutory requirement." <u>Long Painting Co., Inc. v. Donkel</u>, 14 Wn. App. 2d 582, 588, 471 P.3d 893 (2020).  But "substantial compliance does not save a party from the failure to comply with statutory time limits." <u>Long Painting</u>, 14 Wn. App. 2d at 588.  "Failure to comply with a statutory set time limitation cannot be considered substantial

compliance." City of Seattle v. Pub. Employment Relations Comm'n, 116 Wn.2d 923, 929, 809 P.2d 1377 (1991).

The "fundamental objective" of statutory interpretation is to "ascertain and give effect to the Legislature's intent." Lenander, 186 Wn.2d at 405. If a statute's meaning is plain on its face, courts will give effect to that meaning as an expression of legislative intent. Lenander, 186 Wn.2d at 405. "'We presume that administrative rules adopted pursuant to a legislative grant of authority are valid, and we will uphold such rules if they are reasonably consistent with the controlling statute.'" Lenander, 186 Wn.2d at 411 (quoting Wash. Pub. Ports Ass'n v. State, Dep't of Revenue, 148 Wn.2d 637, 646, 62 P.3d 462 (2003)).

RCW 41.25.164 and WAC 415-104-202(4)-(5) set forth a time limitation for members to select a flexible survivor benefit option. Norma does not discuss the statutory time limit in relation to substantial compliance and instead argues that Samuel's designation of her as the spouse is sufficient. But this argument ignores the plain language of the statute and regulations. The action that a member must take during either of the one-year windows is to "select" a reduced benefit option. Samuel did not do so. He stated he wished to and he named Norma as his spouse. But it is the selection of the reduced benefit that is essential; the statute presumes the otherwise ineligible spouse will be designated. One cannot substantially comply with a statutory time limit; it is either complied with or it is not. City of Seattle, 116 Wn.2d at 929. And the Department cannot be expected to guess as to which reduced benefit Samuel wished to choose.

Norma relies on Scannell v. State, 128 Wn.2d 829, 912 P.2d 489 (1996), in support of her argument. But that case is distinguishable. There, Scannell was misled by a recent change to the Rules of Appellate Procedure for filing a motion for indigency so that it no longer tolled the time to file an appeal:

> Scannell's misinterpretation of the amended rule was clearly an innocent mistake. An objective and reasonable pro se litigant, even one who is somewhat familiar with the law, could have made the same mistake. Also, Scannell's conduct would have complied with the pre-amended rules, evincing a good faith effort to satisfy the rules' requirements. . . . Finally, the end result is drastic: Scannell loses his filing fee and loses any chance to appeal, an opportunity which he had otherwise diligently pursued.

Scannell, 128 Wn.2d at 834. Here, Samuel was given notice of the change in the law in 2016. And while Samuel may have made an innocent mistake, he did not suffer a drastic loss; he received the full benefit of his pension.

Norma also argues that Samuel substantially performed under contract law and relies on Washington Education Association v. Washington Department of Retirement Systems, 181 Wn.2d 233, 249-50, 332 P.3d 439 (2014). But Norma does not argue that the legislature impaired the contract under the three-part test applied in Washington Education Association. There was no impairment of the pension contract. Samuel received the full benefit of his pension during his lifetime. The flexible survivor benefit option was just that, an option, and one that Samuel did not timely select.

C

Norma also argues that equitable relief is warranted because Samuel acted unintentionally and the Department cannot show prejudice.

Trial courts have "broad discretionary power to fashion equitable remedies." Borton & Sons, Inc. v. Burbank Props., LLC, 196 Wn.2d 199, 206, 471 P.3d 871 (2020).

We review a trial court's fashioning of equitable relief for an abuse of discretion and review de novo whether equitable relief is appropriate. Borton & Sons, 196 Wn.2d at 206. Additionally, this court has authority to issue orders to insure "effective and equitable review, including authority to grant injunctive or other relief" except when prohibited by statute. RAP 8.3.

The presiding officer determined the Department did not have authority to provide equitable relief. Norma does not address the Department's authority. To the extent Norma refers to the trial court's order, under the APA we review the agency decision, not the trial court's ruling. And to the extent Norma argues this court has power to fashion an equitable remedy, she relies on Rabey v. Department of Labor & Industries of State of Washington, 101 Wn. App. 390, 3 P.3d 217 (2000), Pardee v. Jolly, 163 Wn.2d 558, 182 P.3d 967 (2008), and Silverstreak, Inc. v. Washington State Department of Labor & Industries, 159 Wn.2d 868, 154 P.3d 891 (2007). But, contrary to her assertion, none of those cases hold that this court may fashion equitable relief related to LEOFF survivor benefits.

In Pardee, the parties entered into an option to purchase real estate and our Supreme Court examined whether Pardee was entitled to a grace period in exercising the option as a matter of equity. 163 Wn.2d at 575-76. The court reasoned "the law regarding equitable forfeitures applies in this case because of the unique provisions of the option. Furthermore, contrary to Jolly's assertions, this case involves a substantial forfeiture." Pardee, 163 Wn.2d at 576. The court remanded to the trial court to determine whether Pardee was entitled to equitable relief. Here, there is no unique contract or real property interest at issue and there is no substantial forfeiture by

-11-

Samuel. As discussed above, Samuel received the full benefit under LEOFF for his lifetime.

In Rabey, a widow with children applied for worker's compensation survivor benefits following the death of her husband in an auto accident. The Department of Labor and Industries rejected the application because it was filed nearly two months after the one-year statutory deadline. Rabey, 101 Wn. App. 393. The trial court exercised powers of equity to excuse Rabey's late filing. Rabey, 101 Wn. App. 393. At the time, equitable relief for industrial insurance claims were "limited to situations where (1) a claimant's competency to understand orders, procedures, and time limits affects the communication process, and (2) Department [of Labor and Industries] misconduct." Rabey, 101 Wn. App. 393. Division Three affirmed the trial court's equitable remedy based on liberal construal of the statute in favor of beneficiaries, the trial court's broad discretionary power to fashion equitable remedies, and facts that were similar enough to the developed case law. Rabey, 101 Wn. App. 396-98. Here, there is no industrial insurance claim at issue and even if we were to apply Rabey to claims under LEOFF, Norma does not persuade us that the Department's actions amounted to misconduct. And even if Samuel had diminished capacity at the time of the 2016 notice, he did not suffer a loss of benefits.

Lastly, Silverstreak is inapposite because it involved equitable estoppel and an agency's inconsistent position on its own regulation—an issue not raised here. 159 Wn.2d at 891.

For these reasons, substantial compliance is not applicable as a matter of law or equity. The Department did not erroneously interpret or apply the law when it

-12-

concluded that Samuel failed to satisfy the statutory requirements. The presiding officer did not err by granting summary judgment for the Department.[2]

We reverse the trial court's order and affirm the order on summary judgment entered by the presiding officer.[3]

_Mann, J._

WE CONCUR:

_____, ACJ_          _Smith, J._

---

[2] Norma did not argue deprivation of property in violation of due process before the presiding officer or the petition examiner. And in her opening brief, Norma simply concludes that she has a vested property right in Samuel's pension. Generally, we do not address issues not raised before the trial court or the agency. RAP 2.5(a); RCW 34.05.554. Although a party may raise for the first time on appeal a manifest error affecting a constitutional right, we will not consider an inadequately briefed argument. RAP 2.5(a); Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).

[3] The trial court awarded Norma fees under the Equal Access to Justice Act, RCW 4.84.350, as the prevailing party against agency action. But Norma conceded she does not qualify under the statute. On cross-appeal, Norma argues that she is entitled to attorney fees as a successful litigant under labor laws RCW 49.48.030 and RCW 49.52.070, and as matter of equity. Norma incorporates these arguments to contend she is entitled to fees on appeal under RAP 18.1.

Because we affirm the decision of the presiding officer, Norma is not successful below or on appeal. She is not a prevailing party and is not entitled to fees.